NOWACK v. BERGER, *Executor, et al., Appellants.*

Division Two, March 3, 1896.

1. **Practice**: EXCEPTION: APPEAL: ESTOPPEL. A party who does not object to a decree in the trial court will not be heard to complain upon appeal.

2. **Marriage**: ANTENUPTIAL PAROL CONTRACT: ADOPTION OF CHILD AS HEIR: SPECIFIC PERFORMANCE: STATUTE OF FRAUDS. Where a man, in consideration of the marriage of a woman to him, made an oral promise to adopt her infant son and make him an equal heir with his own children, should any be born of the marriage, and the adopted son rendered such services to his stepfather as were usual from a child to a parent, and the stepfather by his will devised and bequeathed all of his property to his three sons born of the marriage, except a small part of his estate devised to the children of his stepson, the latter, upon the death of his stepfather, was entitled to one fourth of the entire estate left by the testator, regardless of the devise to the stepson's children, and the court, in a suit by the stepson, for specific performance of the contract, properly so decreed and ordered contribution from decedent's children.

3. ——: ——: ——: ——: ——: APPEAL. Such decre should not, however, have disturbed the devise to the children of the plaintiff, and, to the extent that it did, it will be corrected in the appellate court.

4. ——: ——: DEATH OF PARTY TO CONTRACT OR CAUSE OF ACTION: WITNESS: STATUTE. A widow who is a party to an action upon a parol antenuptial contract between her and her deceased husband is disqualified from testifying as a witness in the cause, under the provisions of Revised Statutes, 1889, section 8918, declaring that where one of the original parties to a contract or cause of action in issue and on trial is dead, the other party shall not be permitted to testify in his own favor or in favor of any party claiming under him.

5. ——: ——: ADOPTION OF CHILD AS HEIR: SPECIFIC PERFORMANCE. A parol antenuptial agreement in consideration of marriage between a man and woman, providing that he shall have the custody and control of her infant son during his minority, and that he will make the son an equal heir with his own children, should any be born of the marriage, and sole heir in case there was no issue, when fully complied with by the son after the marriage, may be enforced by him against the children of the promisor, after the latter's death.

6. ——: ——: STATUTE OF FRAUDS. Section 5186, Revised Statutes, 1889, does not declare a parol contract made in consideration of marriage void, but merely prohibits any action from being brought thereon, unless such contract "shall be in writing."

7. ——: ——: ADDITIONAL CONSIDERATION: PART PERFORMANCE. Even though a parol antenuptial contract should be held invalid when made solely in consideration of marriage, yet it will stand if, in addition to the marital portion, it contain another feature, the performance of which may be considered such part performance as will prevent the defeat of the antenuptial agreement, provided there was reliance on the promise which was made the basis for specific relief.

8. ——: ——: PART PERFORMANCE: STATUTE OF FRAUDS. Marriage is such part performance as will take a parol antenuptial agreement made in consideration thereof out of the operation of the statute of frauds. (R. S. 1889, section 5186.)

*Appeal from Gasconade Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED IN PART, REVERSED IN PART.

IN THIS proceeding for specific performance, it is conceded by plaintiff that the abstract of pleadings prepared by defendants is correct, which sets forth:

"1. That he, the said Eberhard H. Schweer, should take, adopt, support, and treat her son, this petitioner, at all times, as his own natural child, and that plaintiff should at all times perform the duties toward said Schweer due from children toward parents.

"2. That in case there should be no children born under his marriage with the said Augusta, that then the plaintiff should be sole heir to all the estate said Eberhard H. Schweer should have at his death, subject

to the statutory legal rights of plaintiff's mother as widow; and that in case there should be children born of said marriage, that then plaintiff, upon the death of said Schweer, should receive and be given a share in the estate equal to what one of said Eberhard H. Schweer's own natural children would receive in case he were to die intestate; and that said Schweer should, during his lifetime, by last will or other means of conveyance, make disposition of his property accordingly.''

That pursuant to said terms, said Augusta and said Schweer were married on the tenth day of August, 1864; that said Schweer thereupon assumed control of plaintiff. That said Schweer required of plaintiff such services, and that plaintiff rendered to Schweer such services as are due from a child to a parent. That plaintiff continued to live with Schweer until he approached his majority, when he was by Schweer induced to marry and to move onto a tract of land described in the petition, being the same tract on which plaintiff now lives; that the marriage between the said Schweer and plaintiff's mother was dissolved by the death of Schweer on the —— day of February, 1892; that there were born of said marriage three children—defendants Henry E., Fred W., and Ferdinand Schweer; that the said Schweer did not in his lifetime make any provision for plaintiff in accordance with the alleged contract; that on the contrary, he left a last will and testament whereby he devised and bequeathed to each of his three sons certain real estate and personal property, and to his widow, defendant Augusta Schweer, such of his estate as she would have been entitled to in case he had died intestate; and to plaintiff's children, defendants Annie A., Henry E., Matilda, and Tina Nowack, the said real estate on which plaintiff now lives, and gave nothing to plaintiff. That said will was probated and letters testamentary issued to

the defendant William Berger, now in charge of the estate as executor. That the personal property left by said deceased was worth $13,635.11, and the real estate at least $27,000.

Specific performance of this contract was asked by plaintiff.

The second count states substantially the same facts as the first count, except that the alleged contract between E. H. Schweer and Augusta Nowack is stated in somewhat different terms, as follows: That the plaintiff should be legally adopted by the said Schweer and should perform all the duties and services toward said Schweer due from children toward parents; and that upon the death of the said Eberhard Schweer, if no children should be born of the marriage between the said Schweer and the said Augusta, plaintiff should inherit all the property which said Schweer might leave, and that if there should be children born of the marriage, that then plaintiff should have equal share with each of said children. And except that the second count states that when plaintiff approached the age of majority, said E. H. Schweer induced him to marry one Caroline Bartlett upon a promise to give to plaintiff the farm on which plaintiff now lives, and renewed his promise that at his death he would give plaintiff sufficient to make him equal with his own sons. That in reliance upon these promises, plaintiff married on the fifteenth day of September, 1882 (before he had fully arrived of age), and went into possession of said real estate and made lasting and valuable improvements thereon by clearing land, erecting buildings, and planting an orchard, and continued to cultivate the same to the commencement of this suit. That instead of giving plaintiff the said farm, said Schweer, by said last will, gave it to plaintiff's minor children, the defendants Annie, Henry, Matilda, and Tina Nowack, etc.

With the exception of the minor defendants, who answered by their guardian in usual way, the adult defendants answered as follows:

"1.  A general denial of all the allegations of the petition.

"2.  That the contract alleged in both counts of the petition, and all matters alleged touching and concerning the same, was and is and this action is brought to charge defendants upon an agreement in consideration of marriage, and no such agreement nor any note or memorandum thereof was or is in writing signed by the said E. H. Schweer, or by any other person by him thereto lawfully authorized."

*Kiskaddon & Meyer* and *John W. Booth* for appellants.

(1) The alleged contracts of Eberhard Schweer, on which respondent's suit is founded, are (so far as there is any evidence in their terms) mere oral agreements, made in consideration of marriage.  They are, therefore, void under the statute of fraud.  Revised Statutes, 1889, secs. 5186, 6853, 6854.  (2) Neither of the subsequent marriages was such a part performance as would take the case out of the statute.  Each contract as proved is an entirety, and marriage being the sole consideration moving Schweer to make such, then no acts of the said Schweer, or any other person, subsequent to the marriage, can be considered a part performance.  *Finch v. Finch,* 10 Ohio St. 501; *Henry v. Henry,* 27 Ohio St. 121; *Caton v. Caton,* 1 Chan. Ap. L. R. (Eng.) 137; *Montacute v. Maxwell,* 1 P. Wil. (Eng.) 618; *McAnnulty v. McAnnulty,* 120 Ill. 26; *Flenner v. Flenner,* 29 Ind. 564; *Wood v. Savage,* 2 Doug. (Mich.) 316; *Brown v. Conger,* 8 Hun (N. Y.), 625.  (3) The acts claimed to be a part performance

must be of such a character that they show:  *First.* (Without proof of the terms of the contract), that there must be a contract of some kind between the parties; and, *Second.* (When the terms of the alleged contract are proved), that the acts are solely referable to that contract, and no other, and would not have been done had it not been for that contract. *Paris v. Haley,* 61 Mo. 453; *Phillips v. Thompson,* 1 Johns. Ch. (N. Y.) 131, 149; *Rogers v. Wolfe,* 104 Mo. 1; *Charpiot v. Sigerson,* 25 Mo. 63; *Sitton v. Shipp,* 65 Mo. 297; Browne on Frauds [4 Ed.], sec. 454, *et seq.; William v. Morris,* 95 U. S. 444; Agnew on Stat. Frauds, 471; *Dung v. Parker,* 52 N. Y. 494; *Emmel v. Hayes,* 102 Mo. 186. (4) Where a stepfather assumes the status of a parent toward a stepchild, the presumption is that they hold toward each other the relation of parent and child. Services rendered for each other can not be referred to a contractual relation between them. No such relation will be presumed to exist, but the contrary. Schoul. Dom. Rel. [4 Ed.], sec. 273; *Gillett v. Camp,* 27 Mo. 541. (5) The terms of the alleged contract and the alleged acts of part performance must be clearly and definitely proved. Nothing can be left to mere inference. If an inference is allowable at all, it must be a necessary and inevitable inference, drawn from facts clearly and definitely proved. *Veth v. Gierth,* 92 Mo. 97; *Taylor v. Williams,* 45 Mo. 80; *Paris v. Haley,* 61 Mo. 453; *Tedford v. Trimble,* 87 Mo. 226; *Wendover v. Baker,* 121 Mo. 273. (6) And the contract must be established in all its terms beyond a reasonable doubt. *Johnson v. Quarles,* 46 Mo. 423; *Berry v. Hartzell,* 91 Mo. 132. (7) There is no mutuality in the contract proved. It is alleged in the petition that it was part of the contract that plaintiff was to discharge the duties which a child renders to a parent, but there is no evidence to support this allegation. The so-called contract

was a mere promise on the part of Schweer, without a corresponding duty on the part of the plaintiff. *Glass v. Rowe*, 103 Mo. 513; Wat. on Spec. Perf., sec. 199. (8) The alleged acceptance by plaintiff of the farm given to him by his stepfather in alleged consideration of his marriage with Bartlett's daughter, and without anything indicating that this farm was to be a part of the property to which plaintiff would be entitled, is inconsistent with the plaintiff's contention that he was to have an equal share with Schweer's children in all of Schweer's property, and is a waiver of the alleged earlier contract. *Tolson v. Tolson*, 10 Mo. 736; Fry on Spec. Perf. [3 Am. Ed.], secs. 1003, 1008, 1015, 1017. (9) On the evidence in this case, the minor defendants ought not to be deprived of their land, devised to them by Schweer, on the ground that the plaintiff (their father) had received it from Schweer, in consideration of marriage, and had made valuable and lasting improvements. The improvements, if any, were merely made in the ordinary course of husbandry (and not very good husbandry, at that), and while respondent was in gratuitous enjoyment of the profits of the land. *Emmel v. Hayes*, 102 Mo. 186; *Taylor v. Von Schroeder*, 107 Mo. 206; *Johnson v. Hurley*, 115 Mo. 513; Browne on Frauds, pp. 480, 488, 490. (10) "The contract must not only be proved in a general way, but its terms must be so precise and exact that neither party could reasonably misunderstand them; and there must be a strict correspondence between the alleged terms of the contract, and the proof by which it is sought to be established." *Wendover v. Baker*, 121 Mo. 273; 2 Beach on Eq. Jur., sec. 584. (11) The proviso of section 8918 of the Revised Statutes of Missouri of 1889, that in actions where one of the original parties to the contract in issue and on trial is dead, the other party to such contract shall not be permitted to testify in his

own favor, etc., is a proviso for the protection of the representatives of the deceased party.    The survivor is a competent witness as to the contract in his own favor, as against all persons other than the representatives of the deceased party.    This is the obvious meaning of the statute, and so it has always been construed by the superior courts of this state. *Ammonett v. Montague*, 75 Mo. 43, and 63 Mo. 201; *Spradling v. Conway*, 51 Mo. 51; *Hoyt v. Davis*, 30 Mo. App. 309; *Bradley v. West*, 68 Mo. 69.    Citing with approval the case of *Downs v. Beldon*, 46 Vermont, 674, where it was held that where A sued B in trover for conversion of property A had bought of C, who was dead, A was a competent witness as to his contract with C.    *Stone v. Hunt*, 114 Mo. 66.

*Robert Walker* for respondent.

(1) A stepfather is not entitled to the services and earnings of a stepchild, nor under any obligation to support it.    From the duty of a parent to provide for and support a child results the corresponding right of the parent to the earnings and services of the child. Schouler's Domestic Relations [3 Ed.], secs. 273, 243; 2 Kent, pp. 192, 218; *Worcester v. Merchant*, 14 Pick. 510.    (2)    An agreement to make a will in a particular way is valid if supported by sufficient consideration, and although oral, if partly performed, is enforcible.    *Wright v. Tinsley*, 30 Mo. 389; *Gupton v. Gupton*, 47 Mo. 37; *Sutton v. Hayden*, 62 Mo. 101; *Sharkey v. McDermott*, 91 Mo. 647; *Fuchs v. Fuchs*, 48 Mo. App. 18.    (3) A contract for the adoption of a child, and leaving all of one's property upon such person's death to such child, is a valid contract, and upon performance of the duties as an adopted child by such child, such contract or agreement, although oral,

is taken out of the statute of frauds, and will be specifically enforced. *Sharkey v. McDermott*, 91 Mo. 647; *Healy v. Simpson*, 113 Mo. 340; *Teats v. Flanders*, 118 Mo. 669. (4) The agreement sued upon and proved in this cause was one, not only in consideration of marriage, but also that Schweer should adopt the plaintiff and take the latter as his own child, and should upon his death leave his property to the plaintiff. Such contract, if in writing, would be a valid contract; and such contract after being completely performed on the part of plaintiff's mother and plaintiff, and after Schweer had all the advantages from such performance, is not within the statute and will be specifically enforced. *Van Dyne v. Vreeland*, 11 N. J. Eq. Rep. 370; *Van Dyne v. Vreeland*, 12 N. J. Eq. Rep. 142; *Davison v. Davison*, 2 Beasley (N. J.), 246. (5) The agreement in this cause was one based upon most meritorious and valuable consideration. Besides marriage, which is recognized as the highest consideration known to law, Schweer, as further consideration was to receive and did receive from plaintiff all the advantages and benefits of an adopted child, to which he neither before the marriage nor afterward, as stepfather merely, had any right. Appellant's contention that there was no mutuality in the contract is totally untenable. 1 Throop on the Validity of Verbal Agreements, sec. 719; *Miller v. Goodwin*, 8 Gray, 542; *Crane v. Gough*, 4 Maryland, 316; 1 Parsons on Contracts [5 Ed.], p. 431. (6) The statute of marriage contracts pleaded by appellants has only application to existing estates, and does not apply to transactions like the case at bar. R. S. 1889, sec. 6853. (7) Marriage being recognized as so valuable a consideration in support of a contract, and although it being usually recognized that marriage in itself is not sufficient part performance to preserve a contract in consideration of marriage only from the

harsh language of the statute, it has also been held that when a marriage has been contracted upon faith of a verbal promise, that equity should not then suffer the statute to be interposed as a shield in defeating the performance of such promise relied upon. 1 Throop on the Validity of Verbal Agreements, sec. 720; *Durham v. Taylor*, 29 Ga. 166; *Jenkins v. Eldridge*, 3 Story, 181. (8) It is, however, well settled that if outside of marriage there is an additional consideration, performance of which would of itself entitle a party to relief, the statute can not then be interposed as a shield and defense. The contract in the case at bar having in addition to marriage also been one for the adoption of the plaintiff; and the plaintiff having performed all the duties of an adopted child, this contract will be specifically enforced. The authorities cited by appellants in support of the doctrine of entirety of marriage contracts, were applied to contracts not having the characteristic of an additional consideration of the nature and value in that performance thereof by itself would entitle to relief, as is the fact in the case at bar. 1 Throop on the Validity of Verbal Agreements, secs. 708, 718; Agnew on Statute of Frauds, page 124; *Dygert v. Remerschnider*, 32 N. Y. 629; *Crane v. Gough*, 4 Md. 316; *Satterthwaite v. Emley*, 3 Green's Chancery (N. J.), 489; *Riley v. Riley*, 25 Conn. 154; *Warden v. Jones*, 23 Beav. 494; *Bradley v. Saddler*, 54 Ga. 681; *De Biel v. Thompson*, 3 Beav. 469; *Lady Montacute v. Maxwell*, Pr. Ch. 526. (9) Appellants' authorities cited in support of the contention that there has not been a part performance, nor such strict proof of the exact terms of the contract, as to entitle plaintiff to relief, have been applied to parol sales of real estate, and are not applicable to transactions of the nature of the case at bar. In cases of the latter kind, it is sufficient if the agreement be substantially proved. The

contract sought to be enforced herein is definite and certain and the terms are satisfactorily proven. *Van Dyne v. Vreeland*, 12 N. J. Eq. 142; *Sutton v. Hayden*, 62 Mo. 101. (10) And it is a rule of law that a contract should be supported rather than defeated. 2 Parsons on Contracts [5 Ed.], p. 503. (11) Plaintiff (outside of the farm on which he resided) had no right to ask any property from Schweer until after the latter's death. Prior to that time he could not by mere implication waive any rights which did not accrue until after then. *Huffmann v. Hummer*, 18 N. J. Eq. 83; *Trabue v. North*, A. K. Marsh. (Ky.) 861; *Melton v. Smith*, 65 Mo. 315. (12) Although there was some evidence that plaintiff was not always a well behaved child, there was also evidence to the same extent that Schweer was not always a just and dutiful parent. Under such circumstances an appellate court will defer to the opinion of the trial judge, before whom the witnesses personally appeared, and to whom such witnesses and parties were probably personally known. *Bank v. Murray*, 88 Mo. 191; *Mathias v. O'Neill*, 94 Mo. 520. (13) Under the last will of Schweer, and the statute, his widow is to receive a child's share in all of the personal property left by Schweer. R. S. 1889, sec. 4517. (14) Mrs. Schweer as widow being decidedly interested in the personal property left by Schweer, and in the result of this suit, she would, if permitted to testify to what appellants' counsel wanted her on the trial, been a witness in her own favor. She would therefore have been incompetent to give such testimony at common law, and by the express terms of the statute, as one of the original contracting parties — the other contracting party being dead — she is rendered incompetent. R. S. 1889, sec. 8918; *Fink v. Hey*, 42 Mo. App. 295; *Meier v. Thieman*, 90 Mo. 442; *Ring v. Jamison*, 66 Mo. 424;

*Angell v. Hester*, 64 Mo. 142; *Chapman v. Dougherty,* 87 Mo. 622; *Haydon v. Cornelius*, 12 Mo. 321. (15) Plaintiff would also be entitled to the farm on which he lives by virtue of the gift and advancement thereof made to him upon his marriage by Schweer, and by virtue of taking possession thereupon of said farm, and making lasting improvements. Brown on Statute of Frauds [3 Ed.], sec. 216; *Dugan v. Gittings*, 3 Gill. (Md.) 138; *Wright v. Tinsley*, 30 Mo. 398; *West v. Bundy*, 78 Mo. 407; *Anderson v. Shockley*, 82 Mo. 250. (16) The decree is manifestly for the right party, and should therefore not be reversed on account of any possible error in admitting incompetent testimony, or manner of procedure. The court, as trier of the facts, having heard all the evidence, the case will be disposed of on the competent testimony. *Davis v. Kline*, 96 Mo. 401; *Kleiman v. Geiselman*, 45 Mo. App. 497; *Barrett v. Davis*, 104 Mo. 549.

SHERWOOD, J.—1. The testimony of Frederick and Henrietta Kotwitz (at whose house Augusta Nowack was then living with her illegitimate son, the plaintiff, then some two years old), abundantly sustains the allegations of the petition as to the nature, terms, and scope of the agreement entered into between Eberhard H. Schweer, deceased, and said Augusta. There was no evidence to the contrary, and the lower court, after findings suitable to the occasion, decreed that: "a child's share or the one fourth part of all the estate and property of the said Eberhard H. Schweer be decreed to plaintiff, subject to the right of dower of the widow, the defendant, Augusta Schweer, in all the real and personal estate; that all the estate and property left by the said Schweer at his death is hereby declared in trust, to be distributed as follows:

"That plaintiff receive the one fourth part thereof,

subject to the right of dower of the widow aforesaid, and that this one fourth part comprise the land on which he now resides, and which by the last will of said Schweer was given to plaintiff's children, and the balance of all property and estate be divided as directed in the last will of said Schweer, and that for the purpose of dividing said property, contribution is hereby ordered of the defendants, Henry E. Schweer, Fred W. Schweer, and Ferdinand Schweer, in proportion to the value and amount of property respectively given to each of them in said will, and that the executor of said Eberhard H. Schweer be adjudged to pay the costs incurred in this suit out of the estate of said Eberhard H. Schweer.''

Inasmuch as the circuit court did not find plaintiff entitled to specific performance of the additional contract made with plaintiff as alleged in the second count in his petition, and did not decree performance thereof; and inasmuch as he is content with, and does not appeal from, the decree, it is unnecessary to consider the correctness of the ruling which omitted to specifically perform such additional contract.

But while this is true, and while plaintiff is in no position to complain, yet it is otherwise as to the minor defendants, his children. To them, the will of Schweer gave the farm on which plaintiff resided, and on which he had thus lived for some ten years at the time of Schweer's death.

The contract made between plaintiff's mother and Schweer, only entitled plaintiff to one fourth of whatever property, real and personal, Schweer had at the time of his death. Under such a contract, however, he was not entitled to have his share assigned *in any particular portion of the property thus left.* But his minor heirs were entitled to *just what was devised to them* by Schweer, estimated to be worth not over

$1,200. Of this right, derived from the will of Schweer, they could not lawfully be deprived, even if the deposition of Frederick Kotwitz taken before they were made parties to the proceeding, and which tended to prove the original contract, could have been received against them. That portion of the decree which sought to deprive these minors of their rights under the will, or rather which ignored those rights altogether, is therefore erroneous, and can not be permitted to stand.

As we understand the decree, although it is not entirely unambiguous, it provides, substantially, for the specific performance of the contract mentioned in the first count in plaintiff's petition, and in so far as it does this it is correct, and incorrect only to the extent already stated. If the points to be presently passed upon, are ruled in plaintiff's favor, a decree, however, can be entered in this court which will put matters in proper shape in reference to the rights of all concerned.

2. The ruling was proper which denied the admissibility of Augusta Nowack as a witness. She was a party to the contract as well as to the cause of action, and by reason of this was incompetent. *Wendover v. Baker*, 121 Mo. 273, and cases cited; *Lins v. Lenhardt*, 127 Mo. 271; *Chapman v. Dougherty*, 87 Mo. 617; *Meier v. Thieman*, 90 Mo. 433; *Berry v. Hartzell*, 91 Mo. 132; *Leach v. McFadden*, 110 Mo. 584; *Messimer v. McCray*, 113 Mo. 382.

3. Such contracts as the one here in litigation, in so far as they relate to the adoption of a child and making him an heir, etc., have often been recognized and enforced in this state and elsewhere. *Sutton v. Hayden*, 62 Mo. 101; *Wright v. Tinsley*, 30 Mo. 389; *Gupton v. Gupton*, 47 Mo. 37; *Sharkey v. McDermott*, 91 Mo. 647; *West v. Bundy*, 78 Mo. 407; *Anderson v. Shockley*, 82 Mo. 250; *Leach v. McFadden*, 110 Mo.

584; *Healey v. Simpson*, 113 Mo. 340; *Teats v. Flanders*, 118 Mo. 669.

4. It thus comes to be considered whether the contract now under consideration, owing to the peculiar circumstances attendant on its making, will prevent that feature of it mentioned in the next preceding paragraph from being specifically performed.

It is urged here, as in the court below, that the contract between Augusta Nowack and Eberhard H. Schweer being made *"in consideration of marriage"* and not being in writing, is void by reason of the provisions of section 5186, Revised Statutes, 1889; but this is an erroneous view of that section, because it does not make a contract in consideration of marriage *void*, but merely prohibits any *action* from being brought thereon, unless such contract "shall be in writing," etc. 1 Bishop, Mar. Wom., sec. 807.

There have been in England and in this country many decisions on the statute in question, involving the point now in litigation; but it seems to be settled by the weight of authority that though a parol antenuptial contract is invalid when made *solely* in consideration of marriage, yet that such contract can stand, if in addition to the marital portion thereof it has another feature, the performance of which may be reckoned part performance, and thus prevent defeat of the antenuptial agreement because of not being in writing; provided there was reliance on the promise which is made the basis for specific relief. *Taylor v. Beech*, 1 Ves. Sr. 297; *Ungley v. Ungley*, L. R. 4 Ch. Div. 73; Browne, Stat. Fr. [5 Ed.], secs. 217 and 459a, and cases cited; Fry, Spec. Perf. [3 Ed.], sec. 595; 2 Parsons, Cont. [7 Ed.], 77, and cases cited; Agnew, Stat. Fr., p. 124; *Dygert v. Remerschnider*, 32 N. Y. 629; *Riley v. Riley*, 25 Conn. 154; 1 Bishop,

Mar. Wom., sec. 807; Throop, Valid. Verb. Agreements, sec. 708.

Here, Schweer, upon marriage to Augusta Nowack, would not have been entitled to the custody, service, and earnings of plaintiff, but for the latter being surrendered to Schweer by his mother in furtherance of the parol agreement to that effect. Schouler, Dom. Rel. [5 Ed.], sec. 273.

This agreement being proved as aforesaid, and it having been also complied with, as shown by the testimony, on the part of plaintiff, supplies such independent, additional, and valuable consideration as will, under the authorities cited, amount to part performance and take this case out of the purview and operation of the statute of frauds.

Although there is testimony that plaintiff, while about seventeen years old, on one occasion struck his stepfather with a stovelid lifter on the head, yet great provocation is shown for this in that Schweer had called plaintiff's mother *a prostitute*. Evidently Schweer did not regard plaintiff a very undutiful or bad boy, or else his conduct some three years thereafter in promoting the marriage of plaintiff with Bartlett's daughter was very reprehensible conduct.

5. But the agreement between the parties may be looked at from an entirely different point of view. On all hands it stands confessed that marriage is a valuable consideration. Lord Coke says: "If a man had given land to a man with his daughter in frankmarriage generally, a fee simple had passed without this word *(heirs)*; for there is no consideration so much respected in law as the consideration of marriage, in respect of alliance and posterity." Co. Lit., 9b. Elsewhere it is said: "Marriage is the highest consideration known in law." *Johnston v. Dilliard*, 1 Bay, 232. See, also, 4 Kent, Com. 465; 1 Bishop, Mar. Wom.,

secs. 27, 775; *Ford v. Stuart*, 15 Beav. 499; *Greene v. Cramer*, 2 Con. & Law. 60; *Fraser v. Thompson*, 1 Giff. 62. Marriage is regarded as one of the strongest considerations in the law, either to raise a use, found a contract, gift or grant. *Holder v. Dickeson*, Freeman, 96; *Smith v. Stafford*, Hob. 216a; *Waters v. Howard*, 8 Gill, 262.

In a case which arose in Maryland it was held that an agreement made by a father with his daughter in consideration of her marriage, and by way of advancement and marriage endowment, consummated by marriage as then contemplated, could not be revoked by the father, MARTIN, J., saying that the daughter was regarded as a *purchaser*, as much so as if she had paid for the property an adequate pecuniary consideration, and that the consummation of the marriage was to be considered as the payment of the purchase money. *Dugan v. Gittings*, 3 Gill, 138.

A similar ruling was made where a father promised a man about to marry his daughter, that on the marriage he would give him a sum of money, and the marriage having occurred, the father was compelled specifically to perform his promise. *Chichester's Ex'x v. Vass's Adm'r*, 1 Munf. 98.

Yet notwithstanding this, it is ruled that as *between the parties to the wedlock*, the celebration of the marriage is not such part performance as to to take it out of the statute. 2 Parsons, Cont. [7 Ed.] *72; Fry, Spec. Perf. [3 Ed.], sec. 593.

Commenting on this anomaly in equity jurisprudence, Judge Story says: "The subsequent marriage is not deemed a part performance taking the case out of the statute, contrary to the rule which prevails in other cases of contract. In this respect it is always treated as a peculiar case standing on its own grounds." 2 Eq. Jur. [13 Ed.], sec. 768. See, also, note to sec.

720, Throop, Valid. Verb. Agreements, and cases cited, among them *Durham v. Taylor*, 29 Ga. 166.

"But though marriage be not, *cohabitation* may be a sufficient act of part performance. In a separation deed, the husband covenanted with a trustee for the payment of an annuity to his wife; shortly before the death of the husband, his wife returned to him upon the faith of a promise made by the husband to the wife and her trustee, that if she would do so he would continue to pay the annuity and would charge it upon his real estate. He died without having done so, and it was held that the contract could be enforced against the devisees of the husband, on the ground of part performance." *Webster v. Webster*, 1 Sm. & G. 469, affirmed, 4 DeG. M. & G. 437; Fry, Spec. Perf., sec. 597.

This divergence between marriage and other valuable considerations in respect to the doctrine of part performance, caused Vice Chancellor MALINS to express his regret that such an exception was ever made. *Ungley v. Ungley*, L. R. 4 Ch. Div. 73; *Coles v. Pilkington*, L. R. 19 Eq. 174.

In a case which came to the house of lords, where the old rule that marriage was not part performance was in terms (though unnecessarily) reasserted, Lord COTTENHAM very forcibly presented the equitable ground for the contrary opinion, remarking: "The principle of law, at least of equity, is this—that if a party holds out inducements to another to celebrate a marriage, and holds them out deliberately and plainly, and the other party consents, and celebrates the marriage in consequence of them, if he had good reason to expect that it was intended that he should have the benefit of the proposal which was so held out, a court of equity will take care that he is not disappointed, and will give effect to the proposal." *Ham-*

*mersley v. Baron de Biel*, 12 Cl. &. Fin. 45, *loc cit.* 78, 79.

The true basis of specific performance being enforced is that unless enforced it would operate a fraud on the party who seeks its enforcement, it being impossible to restore such party to his *statu quo.* Browne, Stat. Fr., secs. 448, 487, and cases cited; 2 Story, Eq. Jur., sec. 761, and cases cited.

"The fraud," says Judge WELLS in *Glass v. Hulbert,* "most commonly treated as taking an agreement out of the statute of frauds is that which consists in setting up the statute against its performance, after the other party has been induced to make expenditures, or a change of situation in regard to the subject-matter of the agreement, or upon the supposition that it was to be carried into execution, and the assumption of rights thereby to be acquired; so that the refusal to complete the execution of the agreement is not merely a denial of rights which it was intended to confer, but the infliction of an unjust and unconscientious injury and loss." *Glass v. Hulbert*, 102 Mass. 35.

Now it would seem that marriage being such a valuable consideration, its celebration in conformity to previous parol promise made, placing, especially, as it does, the female contracting party in a situation where she can not be restored to her former condition, ought to be regarded as such an *heinous fraud upon her*, if such parol promise be not performed, as a court of conscience should not tolerate; but acting on *principle* rather than *precedent*, should decree the complete enforcement of such agreement, *notwithstanding the statute*. This is what courts of equity are doing in other cases, every day, despite the statute, and no sound reason can be urged why a court of equity should grant relief in the latter class of cases and refuse it in the former. Indeed, more cogent reasons appear to

exist in favor of disregarding the statute in instances like the present, than in ordinary cases.   This view of the matter is also entertained by the learned author heretofore cited.   Browne, Stat. Fr., sec. 459.

Instances are by no means infrequent where contracts between husband and wife entered into before marriage will be enforced in equity, although they should be avoided at law; "for equity will not suffer the intention of the parties to be defeated by the *very act* which is designed to give effect to such a contract." 2 Story, Eq. Jur., sec. 1370, and cases cited.

6. For these reasons, inasmuch as we are not hampered by former rulings in this court on this point, we hold that marriage in the circumstances disclosed by the record, *does* amount to a valuable consideration, and part performance, and that plaintiff having done on his part all that it was contracted by his mother he should do, the contract made by his mother for herself and for him having been fully executed on their parts, this constitutes of itself a distinct and independent reason why the statute should not be allowed to obstruct the pathway to the relief plaintiff seeks.

7. The premises considered, a decree will be entered in this court in favor of plaintiff in accordance with the facts found by the lower court, giving to him one fourth of all the real and personal estate left by Eberhard H. Schweer, and requiring contribution on the part of the three sons of Schweer; but this will be done subject, of course, to the rights of the widow as directed by the will.

And, further, the decree must accord to the minor heirs of plaintiff what the will has directed should be theirs; but of course the devise to them can not be permitted to diminish what plaintiff became entitled to under the agreement made by his mother with Schweer. Plaintiff will take in value, in real and personal prop-

erty, precisely what he would have taken had his children not been mentioned in the will, to wit: The one fourth part in value of all real and personal property of which Schweer died seized. Inasmuch, however, as those heirs have been compelled to come to this court in order to secure their rights, the costs of this appeal as between them and their father, will be taxed against him. All concur.