MARY C. LAFONTAIN *vs.* JOHN W. HAYHURST.

Kennebec.    Opinion December 18, 1896.

*Assumpsit.    Contract of Marriage.*

Services rendered in expectation of marriage with the party served and without any expectation of other remuneration will not sustain an action of assumpsit, even though the party served refuses the expected marriage. The remedy, if any, is an action for the breach of the contract to marry, and the offering in evidence the services as elements of damage.

ON EXCEPTIONS BY PLAINTIFF.

This was an action of assumpsit on an account annexed for board of defendant and family, washing, mending, clothing and labor for five years, amounting to one thousand dollars. The plaintiff testified that, for a period of about four months, the

defendant and his four children lived at her house, during which time she entirely carried on the house, furnished the table, etc., and that after said period, on various occasions, he stayed at her house through a period of several years, from Saturday until Monday and upon holidays; that she furnished more or less clothing for the defendant and his family, did their washing and rendered other services; that she also let him have various sums of money. The action was to recover for this board and for these services and for clothing and other things furnished. She testified that during all of this time she and defendant were engaged to be married, and it was admitted that on the 24th day of December, 1895, the defendant did marry another woman. Upon cross-examination and upon interrogatories by the court she testified as follows:

By Mr. Brown: And as I understand you, all these acts of kindness to him, and all these acts of letting him have money, and all that you did for him and his children by way of board and care and clothing, and everything of the kind, you let him have because you were going to marry him?

Ans. Yes, sir.

Ques. You didn't intend to charge him for it?

Ans. No, sir.

Ques. Never expected pay only that you were to be married?

Ans. I thought I was going to be married.

Ques. And that was the ground on which you let him have it?

Ans. Yes, sir.

Ques. And all these acts were of that character, all these acts you did?

Ans. Well, I guess it is.

By the Court: You say that during the four months before you went to Manchester, while the defendant and the four children were living with you, you didn't expect he would pay you any board for it?

Ans. No; the bargain was for him to come and live to the house and we should be married, and I took care of the children.

The Court: And all the services you rendered him during his

sickness and in performing washing for him, etc., you did without any expectation of pay?

Ans. No, without being married.

The Court: That is the only thing you expected?

Ans. Yes, sir.

The Court: And that was so in regard to every item you have sued for, is it?

Ans. Yes, sir.

The Court: All of your services and board and clothing?

Ans. Yes, sir.

She subsequently said that this statement in regard to the money furnished by her to him was a mistake, and that this money was loaned under an expectation of payment. The court ruled that in regard to the board, washing and all services rendered and clothing furnished by the plaintiff to the defendant for himself or his family without any charge or expectation of payment, she could not recover; that so far as those services and board and articles furnished were concerned, the law implied no promise upon the part of the defendant to pay therefor, if they were rendered and furnished without any expectation of payment other than her marriage to the defendant.

To this ruling of the presiding justice, the plaintiff took exceptions.

*E. F. Webb* and *L. T. Carleton*, for plaintiff.

When one person performs services for the benefit, and with the knowledge and tacit consent of another, that the law implies a promise to pay a reasonable compensation for them, is, of course, a well established doctrine. *Weston* v. *Davis*, 24 Maine, 374; *Abbot* v. *Hermon*, 7 Maine, 118.

Whenever one person furnishes anything valuable to another, not being under legal obligations to do so, generally the presumption or implication is, that the thing furnished is to be paid for. The relationship of the parties is an element of importance in determining whether the services were gratuitous or not. *Godfrey* v. *Haynes*, 74 Maine, p. 96.

Counsel also cited: *Cook* v. *Bates*, 88 Maine, 455.

*S. S. Brown*, for defendant.

Counsel cited: *Holmes* v. *Waldron*, 85 Maine, 312; *Withee* v. *Brooks*, 65 Maine, 14; *Shepherd* v. *Young*, 8 Gray, 152.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, STROUT, JJ.

EMERY, J. No binding promise to make compensation can be implied or inferred in favor of one party against another, unless the one party, the party furnishing the consideration, then expected and from the language or conduct of the other party under the circumstances had reason to expect such compensation from the other party.

In this case the plaintiff alleged a promise to make her compensation in money for the various services she rendered to the defendant. She testified, however, that she did not at the time expect any compensation in money or money's worth,—that she was engaged to be married to the defendant and rendered the various services to him solely in consequence of that relation and of that expectation of marriage. The defendant afterward married another woman, and the plaintiff now claims that the defendant, having repudiated the promise of marriage, must now be held to have promised a money compensation for her services. She cites the case of *Cook* v. *Bates*, 88 Maine, 455.

In *Cook* v. *Bates*, the plaintiff furnished board to the defendant without expecting money payment, but with the expectation that it would offset the labor furnished by the defendant to her for the same time. The defendant sued for his labor, and obtained judgment by default through some mistake. Thereupon the plaintiff sued for the board, and it was held that a promise to pay for the board could be inferred. The plaintiff expected compensation not in money, but in money's worth, in the defendant's labor. The defendant, in suing for his labor, indicated an intention to pay for the board in money, and the plaintiff accepted this election. The defendant could not then be heard to say that his labor was to pay for the board,

Marriage or a promise of marriage may be a good consideration for a conveyance or a contract when it appears that the conveyance or contract was made in consideration of the marriage or promise of marriage. In the case at bar, however, the plaintiff's services were not rendered as a consideration for the defendant's promise of marriage. That promise had been made before the rendering of the services, and upon another and different consideration,—the promise of the plaintiff to marry the defendant.

The only contract between them was the mutual promise to marry. If the defendant has broken that contract, her remedy is by an action upon that contract for that breach. The services sued for here were no part of that contract but merely incidents or consequences of it. The plaintiff expected no pay for them. Her expectation was confined to the promised marriage. With that she would have been satisfied. With damages for its loss she must be satisfied.

*Exceptions overruled.*