### SARAH A. CLARY *vs.* FILMORE R. CLARY.

Kennebec.  Opinion November 16, 1899.

*Assumpsit.  Implied Promise.  Contract of Marriage.*

No binding promise to make compensation can be implied or inferred in favor of one party against another, unless the one party, the party furnishing the consideration, then expected and from the language or conduct of the other party under the circumstances, had reason to expect such compensation from the other party.

In an action to recover for defendant's board, it appeared that the plaintiff did not expect compensation in money or money's worth. *Held;* that the plaintiff could not recover.

In this case, the board was supplied in expectation of marriage with the defendant and without any expectation of other remuneration. *Held;* that an action of assumpsit to recover for the board so furnished will not lie, even though the defendant refuses to marry the plaintiff.

*LaFontain* v. *Hayhurst*, 89 Maine, 388, affirmed.

ON MOTION AND EXCEPTIONS BY DEFENDANT.

Assumpsit for defendant's board by the plaintiff on the following account annexed to the writ:—

Filmore R. Clary to Sarah A. Clary,        Dr.
To board, care and nursing from December 25, 1896, to
and inclusive of Apr. 1, 1897, 13 weeks and 5 days at
$4.50 per week,                                 $61.71

The case was tried to a jury in the superior court, for Kennebec county, where a verdict was returned for the plaintiff.

The case appears in the opinion.

*E. W. Whitehouse*, for plaintiff.

*E. O. and F. E. Beane*, for defendant.

SITTING: EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, FOGLER, JJ.

FOGLER, J. This is an action of assumpsit, upon an account annexed to the writ, wherein the plaintiff sues to recover for board and nursing furnished by her to the defendant. The verdict was for the plaintiff, and the case comes here on motion for new trial and on exceptions to the rulings and instructions of the judge of the superior court for the county of Kennebec, before whom the case was tried. The plaintiff and the defendant were formerly husband and wife but had been divorced sometime before the time included in the account sued. The testimony discloses that on or about the middle of January, 1897, the defendant, being sick and out of work, came to the plaintiff's house and boarded with her, with her consent, until the 20th of the following March, and was nursed by her during a portion of that time. Before the defendant so commenced to board with the plaintiff, the plaintiff and the defendant had mutually promised each other to re-marry, and such marriage contract existed during all the time that the defendant boarded with the plaintiff. Subsequently, and before the commencement of this suit the defendant married another woman. The plaintiff does not rely upon an express promise on the part of

the defendant to pay for such board and nursing, but claims that a promise is implied by law under the circumstances of the case. The plaintiff testified on cross-examination as follows: Q. "Now, when he came there the first of January, sick, as you say, and you had made up your mind to marry him again, and had promised to marry him again, did you intend to charge him pay for his board? A. No sir, if he married me. Q. Did you tell him that? A. No sir, because the bill was not talked over. Q. When he came there and when you washed his feet and nursed him and made up his bed and got his victuals for him, did you have any intention in your mind at that time to charge him for those things? A. No sir, I did not at that time. Q. When was it that you made up your mind to charge him? A. I never made up my mind to ask him anything for board until the last time I was down and settled with you. Q. What date? A. I think it was November 11th. Q. So that, as you say, you never intended to charge him anything for his board and nursing until you came to me in November? A. No sir, I did not."

On re-direct, the plaintiff testified: "When he came there there was an understanding that I should marry him. I never at any time agreed with him that he should not pay board. Nothing was said between Mr. Clary and me in regard to his board."

The case of *LaFontain* v. *Hayhurst*, 89 Maine, 388, is almost identical in point of fact and precisely identical in point of law with the case at bar, and is decisive against the right of the plaintiff to maintain this action. There, as here, the plaintiff sued the defendant for board; before such board was furnished the defendant had promised to marry the plaintiff but subsequently married another woman; the plaintiff testified that at the time such board was furnished she did not intend to charge the defendant therefor. In that case, as in this, board was not furnished in consideration of a promise of marriage, but, rather, on account of the relations existing between the parties by reason of such a prior promise.

In *LaFontain* v. *Hayhurst*, supra, the court, after stating the well-settled doctrine that no binding promise to make compensation

can be implied or inferred in favor of one party against another unless the one party, the party furnishing the consideration, then expected, and from the language or conduct of the other party under the circumstances, had reason to expect such compensation from the other party, held, that as the plaintiff did not expect compensation for the board furnished in money or money's worth, the plaintiff could not recover. Following the decision in that case it is clear that, in the case at bar, the action is not maintainable and the motion for new trial must be sustained.

We perceive no error in the rulings and instructions of the presiding judge to which exceptions are taken and the exceptions should be overruled.

*Exceptions overruled.*
*Motion sustained.   New trial granted.*