LAVINIA R. NEWHALL, Appellant, *vs.* HORACE E. KNOWLES,
Admr.

JUNE 28, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Services Performed in Expectation of Marriage. Implied Contracts.*

A contract to pay for services performed by plaintiff will not be implied where
the evidence shows that such services were rendered in lifetime of defend-
ant's intestate, without expectation of compensation, but only in expecta-
tion of an intended marriage between the parties, and where intestate
died without having prior to decease announced his intention of not ful-
filling his promise of marriage.

ASSUMPSIT. Heard on exceptions of appellee, and sustained.

BLODGETT, J. At the conclusion of the trial, in the Su-
perior Court, of the validity of the appellant's claim for ser-
vices to the amount of $2,000 against the estate of George
Glotzl, which claim had been wholly disallowed by the insol-
vency commissioners on said estate, appointed by the Munici-
pal Court of the city of Providence, the appellee requested the
presiding justice to instruct the jury, *inter alia,* as follows:

"2. That the evidence shows that the services rendered
by the appellant, Lavinia R. Newhall, were rendered freely
and voluntarily to the intestate, George Glotzl, in his lifetime,
without expectation of pay or compensation, and only in ex-
pectation of an intended marriage between said George Glotzl
and Lavinia R. Newhall, that said George Glotzl died before
the day set for the consummation of the intended marriage
without having prior to his death announced his intention of
not fulfilling his promise of marriage; that no contract either
express or implied has by the facts submitted in evidence
been shown on the part of the said George Glotzl to pay for
any services thus rendered to him by said Lavinia R. Newhall
in his lifetime, and that therefore the jury should return a
verdict for the appellee and that the report of the commis-
sioners stand as made by them and confirmed by the Munici-
pal Court of the city of Providence."

The request was denied and appellee's exception thereto was duly noted, and now the case is before this court, after verdict for the appellant in the sum of $350, upon the correctness of such refusal. The questions raised are thus stated by the appellee:

"1. Is the appellant Lavinia R. Newhall entitled to recover anything under the circumstances of this case?

"2. Will the law imply a promise to pay the appellant Lavinia R. Newhall for services performed by her without expectation of pay and solely in expectation of marriage with said George Glotzl?

"3. Will the law imply a promise to pay the appellant Lavinia R. Newhall for services performed by her solely in expectation of obtaining the property of said George Glotzl, as his wife, after marriage with him?"

We are of the opinion that the instruction requested should have been given. The case of *Lafontain v. Hayhurst*, 89 Me. 388, 392, closely resembles the case at bar, and it was there said by Emery, J., as follows: "In the case at bar, however, the plaintiff's services were not rendered as a consideration for the defendant's promise of marriage. That promise had been made before the rendering of the services, and upon another and different consideration,—the promise of the plaintiff to marry the defendant. The only contract between them was the mutual promise to marry. . . . The services sued for here were no part of that contract, but merely incidents or consequences of it. The plaintiff expected no pay for them. Her expectation was confined to the promised marriage. With that she would have been satisfied." And see *Clary v. Clary*, 93 Me. 220.

The case will be remanded to the Superior Court, with direction to enter judgment confirming the report of the commissioners and disallowing the claim of the appellant.

*Page and Page and Cushing*, for appellant.

*Frederick Rueckert, and Patrick H. Mulholland*, for appellee.