KRAMER, Respondent, vs. BINS, Appellant.

*September 17—October 13, 1931.*

For the appellant there was a brief by *McGillan & Alk* of Green Bay, and oral argument by *I. G. Alk.*

For the respondent there was a brief by *Kittell, Jaseph, Young & Everson* of Green Bay, and oral argument by *Lynn D. Jaseph.*

ROSENBERRY, C. J.   It is hardly necessary to say that the order granting a new trial is a discretionary one and that the discretion of the trial court will not be interfered with in the absence of an abuse of discretion.   To this general rule there is an exception: where a new trial is granted upon an erroneous view of the law, it will be reversed for that reason.   This leaves for consideration the question of whether or not the contract in question was void.

A distinction must be drawn between agreements made in contemplation of marriage and agreements made in consideration of marriage.   Where A, about seven years before her marriage to B, loaned him $320 for which he gave her his two promissory notes, and in an interview with her in contemplation of marriage and shortly before that event he

promised her that if she would not enforce payment of the notes they should remain good and collectible against his estate, it was held that the promise of the husband was an antenuptial agreement made in consideration of forbearance to collect the notes and that they constitute a proper claim against his estate and that the agreement was not within the statute of frauds and might be proved by parol. *Riley v. Riley,* 25 Conn. 154.

Where a man, in consideration of the marriage of a woman to him, made an oral promise to adopt her infant son and make him an equal heir with his own children should any be born of the marriage, and thereafter the woman's son lived as a member of his family, it was held that the contract was not void because not within the statute of frauds, and that even though it should be held invalid, yet if it contained another feature, the performance of which may be considered as part performance, this will prevent the defeat of the antenuptial agreement. *Nowack v. Berger,* 133 Mo. 24, 34 S. W. 489.

Where a man and woman each owned real estate and personal property before their marriage, and in contemplation thereof mutually agreed, upon the death of either of them after marriage, the survivor should not claim any of the real estate or personal property which might be owned by the decedent at the time of death, it was held that this contract was not within the provisions of the statute of frauds prohibiting an action to charge any person upon any agreement or promise made in consideration of marriage, but that it was within the statute of frauds in relation to the real estate. *Rainbolt v. East,* 56 Ind. 538.

Where, prior to marriage and in contemplation thereof, a man and woman, who later became his wife, agreed that the survivor should take only a life estate in the property of the other, such agreement is not one in consideration of marriage within the meaning of the statute of frauds

providing that an action shall not be brought to charge the defendant upon any oral agreement made upon consideration of marriage. *Steen v. Kirkpatrick,* 84 Miss. 63, 36 South. 140.

An oral contract between a man and the woman who afterwards became his wife, by the terms of which the man was to provide for her support and comfort during life, pay her debts, take care of, manage, and improve land, and to that end the parties were to marry and live together upon the land, which should be conveyed to the defendant in fee simple, is not void under the statute. The consideration for the conveyance was not the marriage of the parties but the support of the wife. The court said:

"The marriage of the parties was not the consideration of the contract to convey the land or any part of it. It was only incidental as the condition or relation in which the respondent should render to the said Susan Larsen, and she receive, her support and comfort as the consideration of the conveyance. The agreement to marry may have been made at the same time, but not as any part of the consideration for the conveyance. It was for the benefit of the respondent as much as, if not more than, it was for her benefit. There was sufficient lawful and valuable consideration to support the contract, aside from any supposable consideration of marriage." *Larsen v. Johnson,* 78 Wis. 300, 47 N. W. 615.

In the only jurisdictions in which this precise question has been raised, it has been held that where a person renders services to another under a promise and in expectation of marriage with the latter, but without expectation of compensation in money or money's worth, she cannot, upon the breach of the promise, recover the value of such services in assumpsit. The only remedy, if any, is an action for the breach of the contract to marry. *Lafontain v. Hayhurst,* 89 Me. 388, 36 Atl. 623.

In *Newhall v. Knowles,* 28 R. I. 348, 67 Atl. 365, it appeared that the claimant, Miss Newhall, had rendered services freely and voluntarily to one George Glotzl in his lifetime without expectation of pay or compensation, and only in expectation of an intended marriage between herself and Glotzl. Glotzl died before the day set for the consummation of the marriage and the Rhode Island court quoted with approval the following from the case of *Lafontain v. Hayhurst, supra:* .

"In the case at bar, however, the plaintiff's services were not rendered as a consideration for the defendant's promise of marriage. That promise had been made before the rendering of the services, and upon another and different consideration—the promise of the plaintiff to marry the defendant. The only contract between them was the mutual promise to marry. . . . The services sued for here were no part of that contract, but merely incidents or consequences of it. The plaintiff expected no pay for them. Her expectation was confined to the promised marriage. With that she should have been satisfied."

That the services rendered were substantial is indicated by the fact that the claim filed by the plaintiff was for $2,000.

It is a general rule of law that no binding promise to make compensation for personal services can be implied or inferred in favor of one person against another unless the party furnishing the services then expected or had reason to expect compensation from the other party; so it has been held that one rendering services for another under the assurance that no charge should be made for them cannot recover their value on the theory that a charge would have been made had he not believed that another agreement between the parties would have been carried out. *Cochran v. Zachery,* 137 Iowa, 585, 115 N. W. 486. See 28 Ruling Case Law, p. 670, § 6, Intent Not to Charge, and cases cited.

In this case the defendant testified that he and the plaintiff made mutual promises of marriage on Mother's Day, in May, 1927; that the parties did not marry because, although the plaintiff was divorced from her husband, he was still living, and both plaintiff and defendant being of the Catholic faith they were not free to marry. It is the defendant's contention that they were to be married as soon as the plaintiff was free, she having been assured that her husband would not live to exceed six months and probably not more than two months. It was his contention that the engagement continued until the time she left his home on October 24, 1929, and although there was no formal renunciation of the engagement, she left under such circumstances that he concluded that nothing would come of it. He also contended that there was an understanding between the plaintiff and himself that each was to perform services for the other for which no charge was to be made.

The jury found by their answer to question two that the services rendered by the plaintiff were pursuant to an agreement of marriage between the parties and that each was to work for the other without pay. Upon this question the court instructed the jury as follows:

"And before you can say there was such an agreement on the part of the parties, you must find that the minds of the parties met, agreed, and assented to such a proposition. Unless there is a meeting of the minds, there is no contract or agreement. There must be words and acts justifying the conclusion that the minds of the parties met and agreed on a proposition of marriage and that each was to work for the other without pay. So you jurors must determine from the words spoken, viewed in the light of the acts of the parties and all the surrounding circumstances, whether the minds of the parties met and made an agreement to marry and that such services were rendered pursuant to the marriage agreement and that each was to work for the other without pay."

There was no testimony upon this point except that of the defendant. The plaintiff denied absolutely that she was ever engaged to the defendant or ever agreed to work for him without pay in consideration of services he might render to her. There was some corroborating evidence, such as the fact that the defendant bought a diamond as he claims to seal the engagement, which plaintiff had placed in a ring she already owned. There is no testimony in the case which would support a finding that the promise to render services was made as a consideration for the marriage. So that in submitting the question as it did, the trial court was in error in requiring the jury to find that there was both a contract of marriage and a contract to render services mutually without charge. This was an error, however, of which the plaintiff cannot complain. By the instruction the court placed the burden of proof upon the defendant and the defendant was required by the instruction to carry a heavier burden than would have been sufficient to discharge him from liability under the facts of this case. All of the cases are to the effect that where services are rendered without expectation of reward, no implied promise in law arises. Cases already cited from Maine and Rhode Island go further and hold that where services are rendered in contemplation of marriage and the marriage does not occur, no implied promise to pay therefor arises. The court was in error in holding that the agreement was void, and failed to distinguish between services rendered in contemplation or pursuant to an agreement of marriage and services rendered as a consideration for marriage, and took no note of the fact that whether an agreement to marry was present or absent, where services are rendered without expectation of reward, no implied promise arises. The jury found the facts upon the controverted issues in favor of the defendant. The

court set aside the verdict solely because of an error of law. In its opinion the court disposed satisfactorily of the other questions raised on this appeal and the motion of the defendant for judgment upon the verdict should have been granted.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to grant the defendant's motion upon the verdict.