CARTMILL, Appellant, vs. WHITING-PLOVER PAPER COMPANY, Respondent.

*April 10—May 6, 1924.*

*Automobiles: Negligence: Question for jury.*

1. If there is any credible evidence upon which the jury can say that plaintiff exercised ordinary care at the time of a collision between two automobiles, the case is one for the jury. p. 651.
2. In an action by the plaintiff to recover damages caused by a collision between plaintiff's automobile and an automobile of the defendant driven by its employee, the plaintiff's version of the collision, well substantiated by other witnesses and not incredible, is *held* sufficient to take the question of contributory negligence to the jury. p. 654.

APPEAL from a judgment of the circuit court for Portage county: BYRON B. PARK, Circuit Judge. *Reversed, with directions.*

The plaintiff below sued the defendant for damages caused by a collision between the plaintiff's automobile and an automobile owned by the defendant and driven by its employee. The case was tried before the court and a jury. The jury rendered a verdict for the plaintiff on all the issues. Thereafter, on motion of the defendant, the court set aside the verdict of the jury for the reason that the plaintiff was guilty of contributory negligence as a matter of law. From the judgment for the defendant the plaintiff appeals.

*J. R. Pfiffner* of Stevens Point, for the appellant.

For the respondent there was a brief by *Fisher & Cashin* of Stevens Point, and oral argument by *W. E. Fisher*.

CROWNHART, J. As this case stands here, the defendant was guilty of negligence which proximately caused the collision between the cars of the parties. The only question involved is whether or not the plaintiff was guilty of contributory negligence as a matter of law. If there is any credible evidence in the case upon which the jury could say that the

plaintiff was in the exercise of ordinary care at the time of the collision, then the case was one for the jury and the court erred in setting aside the verdict.

The evidence favorable to the plaintiff shows this state of facts: Highway No. 10, between Stevens Point and Plover, runs north and south and has a concrete pavement eighteen feet wide. Wilson avenue, running east and west, intersects highway No. 10 from the west but does not cross it. At the time in question Wilson avenue was not paved. Automobile drivers on that highway customarily cut the corner in turning north on highway No. 10. The defendant, driving easterly on Wilson avenue, cut the corner and turned north on highway No. 10. · He cut in some two and one-half feet further on the corner than was customary in making the turn. He was driving about twenty-five miles an hour. The plaintiff was going south on the cement roadway on No. 10. He was on the westerly side of the pavement and driving about twenty-five miles an hour. He saw the defendant coming out on No. 10 when the automobiles were about seventy feet apart. He immediately set his brakes and turned to the extreme right on the pavement, and finally, fearing the danger of a collision, loosened his brakes and ran clear off the pavement into the ditch. The defendant came out on to the cement highway just ahead of the plaintiff and turned north, heading directly toward plaintiff's car, and as he approached the plaintiff's car swerved his car to the west and struck the left hind wheel of the plaintiff's car, resulting in the collision.

The day was somewhat stormy—some snow and some rain. The plaintiff had a wiper on his wind-shield, and at the time of the accident could see plainly. He had an Oakland car with rough-tread tires. His car weighed 2,450 pounds. The defendant had a Peerless sedan with oversized tires, and the car weighed about 4,200 pounds. The accident happened at about 12:15 p. m. April 11, 1922.

Among others the court gave the following instruction:

"The statutes applicable to this case read as follows:

"No person shall drive any automobile recklessly or at a rate of speed greater than is reasonable and proper having regard to the width, traffic and use of the highway, or so as to endanger the property, life or limb of any person.

"No person shall drive any automobile on any of the public highways outside of the corporate limits of any city or village at a speed exceeding thirty miles an hour.

"At the intersection of any street or cross-road, and when the view in the direction the vehicle is proceeding is obstructed, the speed shall be reduced to such a rate as will tend to avoid danger of accident.

"The operators of automobiles shall observe the rules of the road by keeping to the right upon meeting, and passing to the left of automobiles overtaken, giving to each automobile passed or overtaken one half of the road."

In his memorandum decision the court said that plaintiff's view was obstructed in the direction in which he was going, within the meaning of the statute quoted, but the only obstruction was some trees and brush on the corner of the highway around which the defendant came. The photographs in evidence show that this obstruction was not dense. The court further said: "It is apparent that if he [the plaintiff] had reduced his speed to ten or even fifteen miles an hour the accident would not have occurred." But the question is, At what point should the plaintiff have reduced his speed? Can it be said as a matter of law that he should have reduced his speed sooner than he did? The collision occurred fifty-five feet north of the center line of Wilson avenue and thirty feet north of the north line of Wilson avenue. Before the time of the accident the plaintiff had brought his car practically to a standstill, but when it appeared that the defendant was heading directly toward his car he released his brakes and went into the ditch. Can it be said as a matter of law that he should have reduced his

speed sooner than he did? As a matter of fact, it would seem if the defendant had proceeded across the cement highway onto the east side of the roadway, instead of turning directly north on the west side of the highway, there would have been no collision. We have given the plaintiff's version of the collision consideration, which is well substantiated by other witnesses and which is not at all incredible. This we think was sufficient to take the question of contributory negligence to the jury, and, the jury having found for the plaintiff, the verdict should not have been disturbed.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment for the plaintiff for the damages as found by the jury.