DAY, Respondent, vs. PAULY, Appellant.

*January 16—February 10, 1925.*

*Automobiles: Collisions at street intersections: Driver having right of way: Degree of care required: Cutting corners: Directions of local authorities contrary to statute: New trial.*

1. As applied to the facts in this case, an instruction that possession of the right of way by one driver over another approaching from the left on an intersecting highway does not excuse the possessor's failure to exercise ordinary care, states the law clearly, and the court was in error in holding, on a motion for a new trial, that the instruction was erroneous because of the omission of the word "absolute" before the words "right of way."   p. 193.

2. Where the court in granting a new trial proceeded upon an erroneous view of the law, the order must be reversed. p. 193.

3. Cutting a corner in making a left turn on a highway, in violation of sub. (3), sec. 85.01, Stats., is negligence *per se;* and where the undisputed facts showed that plaintiff cut a corner and collided with another, he was guilty of contributory negligence as a matter of law, such negligence proximately contributing to cause the injury complained of. p. 193.

4. Travelers are not warranted or justified in proceeding according to the directions of highway officials, police authorities, or local municipal bodies where such directions are contrary to express provisions of law, and they are afforded no protection because they are thus induced to violate the law. p. 194.

APPEAL from an order of the circuit court for Washington county: C. M. DAVISON, Circuit Judge. *Reversed.*

This action was brought to recover damages sustained in an automobile collision which occurred on June 11, 1923, near the intersection of highways 15 and 55. State highway 55 runs north and south; state highway 15 runs east and west. There is a concrete way eighteen feet wide on both highways. The northwest and southwest corners of these highways are rounded by the aid of concrete aprons or curbs. The base of the apron at the northwest corner is 77 feet wide, and the other side, which is at right angles to the base, is 70.3 feet long. The concrete aprons are curved, drawn to approximately a radius of 78 feet. The view at the northwest corner is obstructed for one hundred feet either way by trees and shrubbery. The plaintiff, driving a twin-six Packard car easterly on highway 15, intended to make a left turn and go north on highway 55. The defendant approached the intersection of the highway from the north in a Ford coupé and intended to proceed southward. When the plaintiff made his left turn he did not pass to the right of the center of the intersection but cut the corner. The track of his car at the point nearest to the center of the intersection was twenty-eight feet. For purposes of illustration there is

Day v. Pauly, 186 Wis. 189.

reproduced here a plat of the intersection of the two high-ways.

As the plaintiff made the turn substantially as indicated by the line *H I* upon the plat, the defendant coming from the north became confused, finally turning his car to the easterly side of highway 15, where the two cars came into contact.

The jury found that the defendant *Pauly* was free from negligence as to speed, and in respect to turning his car to the

left just previous to the time of the collision found the plaintiff guilty of contributory negligence, and in response to question 5, as to damages, answered "None." Upon motions after verdict, the trial court was of the opinion that he had not properly instructed the jury; basing his conclusion in that respect on the case of *Bertschy v. Seng*, 181 Wis. 643, 195 N. W. 854, the court said:

"With proper instructions as laid down in the *Bertschy v. Seng Case,* the jury might find that defendant failed to exercise ordinary care and might also find that the plaintiff was not guilty of contributory negligence, and the court feels that with proper instructions given to the jury as to the absolute right of way as to vehicles approaching each other at an intersection that the whole verdict of the jury might be changed."

From the order setting aside the verdict and directing a new trial, costs to abide the outcome of the action, the defendant appeals.

For the appellant there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *O. T. Toebaas.*

*J. H. Schnorenberg* of Hartford, for the respondent.

Rosenberry, J.   It is the contention of the defendant (1) that the trial court was in error in directing a new trial upon the sole ground that the court's instructions as to the right of way were not sufficiently specific, such action being based upon an erroneous view of the law; and (2) that plaintiff was guilty of contributory negligence as a matter of law, which proximately contributed to produce the injuries complained of.   With respect to the first contention of the defendant the court instructed the jury as follows:

"Every driver of an automobile at a highway crossing has the right of way over any other driver approaching him on the left.   The possession of the right of way by a driver over another driver approaching from the left on an inter-

secting highway does not justify the possessor in plunging ahead regardless of consequences nor justify or excuse his failure to use ordinary care to avoid injury to others. Even though a person has the right of way at an intersection, he is still obligated to exercise ordinary care for the safety of himself and others."

As applied to the facts in this case, this instruction fully and clearly stated the law. The situation in the *Bertschy v. Seng Case* has no application to the facts in this case. The omission of the word "absolute" before the words "right of way" in the instruction as given by the court did not make the instruction erroneous, and the court was in error in so holding. The court having proceeded upon an erroneous view of the law, the order granting a new trial must be reversed. See *Lange v. Olson*, 185 Wis. 657, 202 N. W. 361.

It appears without dispute that the plaintiff in this case, instead of making a left turn and proceeding to the right of the intersection of the highway as he was required to do by sub. (3), sec. 85.01, Stats., turned his car to the left of the intersection and therefore was at the time of the collision at a point where he had no right to be. In other words, to use a common phrase, he cut the corner. This court has repeatedly held that such a violation of the statute constitutes negligence *per se*. *Foster v. Bauer*, 173 Wis. 231, 180 N. W. 817; *Groeschner v. John Gund B. Co.* 173 Wis. 366, 181 N. W. 212; *Haggerty v. Rain*, 177 Wis. 374, 186 N. W. 1017; *Drakenberg v. Knight*, 178 Wis. 386, 190 N. W. 119; *Cartmill v. Whiting-Plover P. Co.* 183 Wis. 651, 198 N. W. 726.

It is considered, therefore, that the plaintiff under the undisputed facts in this case was guilty of contributory negligence as a matter of law and that such negligence proximately contributed to cause the injuries complained of.

In this connection we think it our duty to call the attention of highway officials and police officers to the fact that they have no right or authority to divert or direct public travel

in a manner contrary to that prescribed by the act of the legislature. It was apparently indicated to the plaintiff that he should travel in substantially the path he took, but travelers are not warranted or justified in proceeding according to the direction of highway officials, police authorities, or local municipal bodies where such directions are contrary to the express provisions of the law, and travelers are afforded no protection because they are thus induced to violate the law. If it is thought best that the rigid rule prescribed by the statute should be varied in particular cases where the facts warrant such variation, then the legislature should authorize some one to establish lawful departures from the general rule. We find no such authority under the law of this state and none has been cited to our attention. It is claimed by the plaintiff in this case that while it would not have been impossible for him to make a left-hand turn around the center of the intersection of the highways, it was very difficult for him to do so on account of the length of his car. Even if that be true, it affords no excuse for his failure to comply with the statute, and the legal consequences of his unlawful act must be visited upon him. It is a matter of common observation that, by painting curved arrows and by other signs and indications, travelers are led into violation of the plain provisions of the statute. Local authorities who take upon themselves the doing of such acts assume a considerable moral responsibility at least. This is particularly true with reference to travelers from outside the state, who ought to have a right to depend upon signs and directions for travel placed upon highways by those in charge of them. We feel it our duty to call this matter to the attention of those having to do with the enforcement of the laws relating to highways as well as to the legislature.

*By the Court.*—The order appealed from is reversed, with directions to the circuit court to enter judgment for the defendant dismissing the plaintiff's complaint upon the merits.