STOCKHAUSEN, Appellant, vs. OEHLER and another, Respondents.

*November 9—December 7, 1926.*

*Appeal and error: Discretion of trial court in granting new trial: When supreme court will interfere: Record supporting conflicting conclusions.*

1. The supreme court is reluctant to interfere with the discretion to grant new trials which is vested in trial courts and which ought to be exercised whenever a trial judge is convinced that to enter judgment would result in a miscarriage of justice. It is only when there is a clear abuse of discretion that this court will interfere. p. 405.

2. Where the trial court granted a new trial on the ground that "the interests of justice will thereby be promoted," this court is not precluded from examining the whole record and from

reversing, if such examination leads to the conclusion that there was nothing upon which to base such expression.  p. 405.

3. In such case this court will not reverse merely because, upon the record before it, a different conclusion is reached, but there must have been an abuse of judicial discretion.  p. 405.

4. The record disclosing a situation in which conflicting conclusions might be reached by different persons, there was no abuse of discretion in granting a new trial.  p. 406.

APPEAL from an order of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge.  *Affirmed.*

Action by *Nick Stockhausen* against *Edward F. Oehler* and *Frank Guenther* to recover damages for fraud and false representations inducing an exchange of real estate. From an order granting a new trial plaintiff appeals.

The parties live in eastern Wisconsin. Plaintiff employed a real-estate broker who entered into negotiations with the defendants for an exchange of plaintiff's property for a farm in western Wisconsin. Plaintiff and his agent, unaccompanied by either of the defendants, personally inspected the farm and made such examination as they desired so far as weather conditions permitted. Plaintiff knew that defendant *Guenther* had never seen the farm and that defendant *Oehler* had visited it but once. Plaintiff and his agent made a proposition for exchange of properties. After the trade was consummated plaintiff moved on to the farm and lived upon it nearly two years before he informed the defendants of his claim that they had been guilty of fraud. This claim of fraud was not made until about ten days before the expiration of the time for redemption under the foreclosure of a mortgage on the farm which plaintiff had assumed and agreed to pay.

Plaintiff first brought an action for rescission. But this court held that he could not maintain an action in equity. *Stockhausen v. Oehler,* 186 Wis. 277, 201 N. W. 823. Thereafter this action at law was begun. Upon the trial

the jury found that false representations were made by the defendants under such circumstances as to warrant a recovery by the plaintiff. The court set aside this verdict and granted a new trial on the ground that the case was a doubtful one in which the interests of justice will be promoted by a new trial.

For the appellant there were briefs by *Otto P. Lehner* and *Lehner & Lehner,* all of Oconto Falls, and oral argument by *Philip Lehner* and *Otto P. Lehner.*

For the respondents there was a brief by *Bowler & Bowler,* and oral argument by *G. W. Buchen,* all of Sheboygan.

STEVENS, J. The sole question presented is whether the trial court abused its discretion in granting a new trial. "This court is very loath to interfere with the discretion to grant new trials that is vested in circuit judges. It is a power that should be courageously and fearlessly exercised whenever a trial judge is convinced that to enter judgment on a verdict returned would result in a miscarriage of justice. It is very possible that this important power is used more sparingly than it should be. However this may be, it is only in a clear case of an abuse of discretion that this court will interfere." *Schlag v. C., M. & St. P. R. Co.* 152 Wis. 165, 169, 170, 139 N. W. 756.

The fact that the trial judge granted a new trial "on the ground that the interests of justice will thereby be promoted" "does not preclude this court from examining the whole record and from reversing if such examination clearly leads to the conclusion that there was nothing upon which to base such expression. But it does inform this court of the fact that the trial judge is of the opinion that justice has not been done and that a new trial should be had. In such cases we do not reverse merely because, upon the record before us, we come to a different conclusion. It must clearly

appear that there was an abuse of judicial discretion before we reverse." *McCoy v. Terhorst,* 188 Wis. 512, 517, 205 N. W. 420.

The record discloses a situation in which conflicting conclusions may be reached by different persons. The court is satisfied that there was no abuse of discretion in granting the new trial. It follows that the order appealed from must be affirmed. It is unfortunate that there must be the expense and delay incident to a third trial of this action. The fact that the first of these trials was an abortive effort to settle this controversy was due entirely to the fact that the plaintiff mistook his remedy by seeking relief in equity when his only remedy was at law.

*By the Court.*—Order affirmed.