CROMBIE, Respondent, vs. POWERS and another, Appellants.

*October 10, 1929—January 7, 1930.*

300

For the appellants there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, attorneys, and *Oscar T. Toebaas,* guardian *ad litem* for Florence Powers, and oral argument by *Mr. Toebaas.*

For the respondent there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Dorothy Walker* and *Daniel H. Grady.*

The following opinion was filed November 5, 1929:

ROSENBERRY, C. J. Ordinarily the granting of a motion for a new trial lies largely within the discretion of the trial court, which will not be disturbed unless abused. The rule, however, does not apply where it is clear that the trial court proceeded upon an erroneous view of the law. *Lange v. Olson,* 185 Wis. 657, 202 N. W. 361; *Day v. Pauly,* 186 Wis. 189, 202 N. W. 363. In disposing of the motion for a new trial the court said:

"The defendant moves upon the verdict for dismissal of the action on the merits, and the plaintiff moves for a new trial on the ground that the findings of no negligence by either party are inconsistent and that the assessment of the damages is so low as to render the verdict perverse.

"If the jury had found either or both parties negligent I would have sustained their verdict, as I consider the award of damages proper as finally fixed after my refusal to accept the verdict with an award of an amount designated by the jury as 'doctor's and hospital bill.'"

From this it is clear that the trial court was of the opinion that the evidence sustained the finding of the jury as to the defendants' negligence provided the jury had found the plaintiff negligent. If there is evidence to sustain the

finding of the jury that the defendant Florence was not negligent at the time and place in question, then the question of plaintiff's negligence becomes immaterial because there could be in any event no recovery. The plaintiff's negligence becomes material only in the event that Florence was found negligent in the management and operation of the car. The evidence as to the manner in which the accident occurred is conflicting and presents a clear jury issue. The jury may well have thought that the defendant Florence was not negligent because she had given the plaintiff a reasonable opportunity to alight and clear herself from the car. The jury may have found that the plaintiff was not negligent in attempting to pass between the defendants' car and the parked car if they so found the fact, and that therefore neither party was negligent. Upon the evidence the court was in error in holding the verdict inconsistent.

The respondent seeks to sustain the order setting aside the verdict and granting a new trial on the ground that the verdict is perverse and the result of passion and prejudice on the part of the jury. The verdict is certainly not perverse. There is ample evidence to sustain it if the jury believed the evidence which tends to support it. The contention that the verdict was the result of passion and prejudice is based upon the claim that the damages found were grossly inadequate and upon the conduct of the jury with respect thereto. The jury returned into court with a verdict. Without setting out the entire proceeding which was then had, it is sufficient to say that it appears that some members of the jury were of the opinion that they were required to pass upon the reasonableness of the hospital and doctors' bills. Others thought they were obliged to accept them as made out. The foreman then inquired whether in assessing damages they had to assess each item separately. The court then instructed the jury that they were to consider the reasonable disbursements of the plaintiff, the earnings of the

plaintiff, and compensation for pain and suffering. The court then told the jury that they were to add to the amount of hospital and doctors' bills found such amount as they should determine would be reasonable compensation for loss of earnings and pain and suffering. At this time there was inserted in the verdict in answer to question 7 relating to damages, "$300 hospital and doctor bills." The jury then retired and returned into court with the verdict assessing plaintiff's damages at $900. This finding the court expressly approved. It is apparent that some members of the jury were of the opinion that they should return the amounts assessed for each item and that they had proceeded as far as the determination as to hospital and doctors' bills when they asked the court for further instructions. In response to the instruction of the court they proceeded to determine the amount of plaintiff's damages in accordance with the court's instructions. There is nothing in this proceeding that discloses any passion or prejudice on the part of the members of the jury. They were confused as to the manner in which they were to discharge their duty, and when informed by the court in respect to the proper method of procedure, they retired and complied with the court's instruction. Nor is the finding of damages so grossly inadequate as to indicate any passion or prejudice on the part of the jury. The order setting aside the verdict cannot be sustained on the ground that the verdict is the result of passion and prejudice.

*By the Court.*—Order appealed from is reversed, and cause remanded with directions to enter judgment upon the verdict for the defendants.

FOWLER, J., took no part.

A motion for a rehearing was denied, with $25 costs, on January 7, 1930.