MADDEN, Administrator, Appellant, vs. PEART and another, Respondents.

*January 7—April 1, 1930.*

For the appellant there was a brief by *Robert H. Gollmar* of Baraboo, attorney, and *Grady, Farnsworth & Walker* of Portage, of counsel, and oral argument by *Walter H. Farnsworth*.

For the respondents there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Oscar T. Toebaas*.

The following opinion was filed February 4, 1930:

FOWLER, J. The court's ground for directing the verdict was that there was no evidence of excessive speed or want of lookout on the part of the driver of the car; that an emergency not of defendant's creation existed which excused her from handling the car as she did; and that the defendant did not increase the danger to her guest or subject her to any new dangers.

The highest estimate of defendant's speed was thirty-five miles an hour, but the situation and the course and action of the car before and after turning over would, we think, warrant a conclusion, if such conclusion were reached by the jury, that the speed was faster than was safe under the circumstances, and the statute, sec. 85.08 (2), makes any such speed excessive. We are of opinion also that the jury might properly have concluded that had defendant kept a proper lookout she would have observed that the car was stopped on the driveway, or observed it before it reached the road, and so decreased her speed as to have had her car under

control, in either which case the only emergency that existed resulted from the driver's failure to maintain a proper lookout.

Such being the situation under the evidence, the case should have been submitted to the jury as to the negligence of Minnie Peart, although a verdict was properly directed as to the defendant John Peart.

It is urged that the deceased accepted the driver of the car with such skill as she possessed, that the accident resulted from the lack of skill of the driver, and that under the rule of such cases as *Cleary v. Eckart,* 191 Wis. 114, 210 N. W. 267, the plaintiff cannot recover. But it is the duty of every driver, even to a guest, to use due care as to lookout and speed (*Poneitowcki v. Harres,* 200 Wis. 504, 228 N. W. 126) ; and it was for the jury to determine whether the defendant was negligent in these respects.

*By the Court.*—As to the defendant John E. Peart the judgment is affirmed; as to the defendant Minnie Peart the judgment is reversed and cause remanded for a new trial.

A motion for a rehearing was denied, with $25 costs, on April 1, 1930.