TRACY, Appellant, vs. MALMSTADT and another, Respondents.

*January 8—February 4, 1941.*

644

For the appellant there was a brief by *Flynn, Storms & Greenquist* of Racine, and oral argument by *Gerald T. Flynn* and *Kenneth Greenquist*.

*Vilas H. Whaley* of Racine, for the respondents.

FRITZ, J.   The plaintiff, Pauline Tracy, was injured on February 18, 1940, at about 8 p. m., while riding as a guest in the defendant Edward Malmstadt's car, which he was driving eastward on a concrete highway, when it collided with a westbound car driven by the defendant, August Hort, who was accompanied by his wife, Emma Hort.   At that time it was

snowing, and there were two to three inches of snow, which made the roadway slippery. When the cars were three hundred feet apart, Malmstadt saw Hort's car approach on its north half of the concrete roadway, and Hort and his wife saw Malmstadt's car approach on its south half thereof. There were conflicts in the testimony in relation to the lookout thereafter kept by each driver and the speed, control and lane in which he drove his car as it approached the place of the collision. Upon the submittal of the issues for a special verdict, the jury found that Hort was not negligent in respect to lookout, control, speed, having his windshield wipers properly adjusted, and keeping his car in his own and proper lane of traffic; but that Malmstadt was causally negligent in respect to lookout, control, having his windshield wipers properly adjusted, keeping his car in the proper lane of traffic, but not negligent in respect to speed. Upon these findings the court, on motions after verdict, ordered judgment dismissing the plaintiff Tracy's complaint against August Hort and also the cross complaint filed against him for contribution, and also ordered judgment for Emma Hort's recovery of damages from Malmstadt and his insurer. However, the court denied Tracy's motion for judgment on the verdict against Malmstadt and his insurer, but granted instead their motion for a new trial as between them and Tracy. That new trial was granted for the sole reason "that the jury should have the opportunity of determining whether the defendant, Edward Malmstadt, failed to exercise ordinary care which increased the danger or added a new one to those which the plaintiff assumed upon entering the defendant's automobile," although the court, in reaching that conclusion stated in the preceding sentence, "During the trial in the above-entitled matter there was no evidence offered with reference to whether or not the plaintiff assumed the risk incidental to the failure of the defendant, Edward Malmstadt, to exercise ordinary care while driving his automobile, and no request was made to the court

to submit any question with reference to such matter, before the case was submitted to the jury for final determination."

The plaintiff Tracy contends that in ordering the new trial the court was clearly in error in respect to a matter of law, and that therefore she is entitled to a reversal without establishing any abuse of discretion on the part of the court. These contentions must be sustained. Because of the specification in the order that the new trial should be granted to permit the jury to determine whether Malmstadt failed to exercise ordinary care, which increased the danger, etc., the order must be deemed to have been granted for an error on the trial, in view of the provisions in sec. 270.49 (2), Stats. Consequently, as the order under review was not a discretionary one, no question as to an abuse of discretion on the part of the court is involved on plaintiff's appeal and she is entitled to a reversal of the order if the new trial was granted upon an erroneous view of the law. *Crombie v. Powers,* 200 Wis. 299, 227 N. W. 278; *Kramer v. Bins,* 205 Wis. 562, 564, 238 N. W. 407; *State ex rel. Mahnke v. Kablitz,* 217 Wis. 231, 258 N. W. 840; *Besser v. Hill,* 224 Wis. 211, 271 N. W. 921; *Steiger v. Phipps,* 228 Wis. 1, 278 N. W. 404; *Huebner v. Fischer,* 232 Wis. 600, 603, 288 N. W. 254.

In passing upon plaintiff's contention that the court was in error as to a matter of law, it must be noted that the jury found Malmstadt causally negligent in respect to failing to keep and maintain a proper lookout, and also in respect to failing to keep his car in the proper lane of traffic. It is true that in connection therewith the jury also found that Malmstadt was causally negligent in respect to keeping his car under proper control and having his windshield wiper properly adjusted, and that in so far as his negligence in either of the latter respects is concerned the plaintiff, as his guest, could not recover in the absence of findings that he thereby created or increased a danger as to which she had not assumed the risk of injury. *Waters v. Markham,* 204 Wis. 332, 235

N. W. 797; *Sommerfield v. Flury,* 198 Wis. 163, 223 N. W. 408; *Grandhagen v. Grandhagen,* 199 Wis. 315, 225 N. W. 935. However, in so far as Malmstadt was causally negligent by reason of his violation of his duty as a driver to keep a proper lookout and to keep his car in the proper lane of traffic, he was liable for the injury caused thereby to his guest, Miss Tracy, regardless of whether his negligent violations of duty in these respects created or increased a danger as to which she had not assumed the risk of injury. As we said in *Poneitowcki v. Harres,* 200 Wis. 504, 511, 228 N. W. 126,—

". . . There are certain duties imposed upon the drivers of automobiles, the abilities to perform which do not depend upon experience or acquired skill. Among these is the duty to maintain a reasonable speed, obey the law of the road, keep a proper lookout, etc. There are duties which are required to be observed for the safety of every one,—those within as well as those without the automobile,—and failure to perform them may result in liability in the absence of acquiescence or contributory negligence on the part of the guest. The driver of an automobile who maintains an excessive or reckless speed, who fails to maintain a lookout or to observe the laws of the road, plainly increases the dangers which the guest assumed upon entering the automobile and adds new ones, and there manifestly is no difference between the degree of care he is required to use in these respects for the safety of his guests and for the safety of other persons. When the jury found, therefore, that appellant operated his car at an excessive rate of speed and failed to maintain a proper lookout, it amounted to a finding that he failed to exercise the care which the law imposes upon him with reference to his guests. These findings are sufficient to sustain the judgment in favor of the respondent, leaving out of consideration the finding that he did not have his automobile under control, which question must be considered in the light of his skill and experience."

See also *Madden v. Peart,* 201 Wis. 259, 262, 229 N. W. 57; *Standard Accident Ins. Co. v. Runquist,* 209 Wis. 97,

104, 244 N. W. 757; *Hensel v. Hensel Yellow Cab Co.* 209 Wis. 489, 495, 245 N. W. 159; *Cummings v. Nelson,* 213 Wis. 121, 127, 250 N. W. 759. It follows that, in view of the jury's finding that Malmstadt was causally negligent in failing to keep a proper lookout and in failing to keep his car in the proper lane, the plaintiff Tracy·was entitled to judgment against Malmstadt and his insurer, and that, consequently, the court erred as a matter of law in granting a new trial on the ground stated in its order, and the plaintiff is entitled to a reversal of the order.

On their motion for review Malmstadt and his insurer contend that they are entitled to judgment dismissing the complaint because there is no proof of causal negligence on the part of Malmstadt. It is of course true, as they contend, that the mere fact that the cars collided is not proof that Malmstadt was negligent as to lookout, and that physical facts, when duly established, are often controlling, but it does not follow that the testimony that Malmstadt's car invaded the north half of the roadway is disproven, as respondents claim, by the physical facts that the damage as the result of the impact was to the right front corner of Hort's car and the left front fender and wheel of Malmstadt's car. On the issue as to the lookout kept by Malmstadt, there was testimony to the following effect. Malmstadt testified that on first seeing Hort's car three hundred feet away and properly approaching on its north side of the roadway, Malmstadt did not pay any attention to the car at all because Hort was coming along as though there was nothing wrong; that occasionally Malmstadt talked to Miss Tracy sitting alongside him; that "all of a sudden" she shouted at him "Eddie, lookout," and at that moment he saw the Hort car coming; and that at the time Miss Tracy called out, the distance between the fronts of each car was fifteen to twenty feet. This testimony admits of the inference that although Hort's car continued to be visible to Malmstadt as it approached from where he first saw it three

hundred feet away, he failed to pay any attention to it until Miss Tracy "all of a sudden" shouted at him "Eddie, look out," when there were but fifteen to twenty feet between the cars. His failure in not maintaining a sufficient lookout to see Hort's car again until it was but fifteen to twenty-five feet from him clearly warranted the jury in finding that he was negligent in respect to lookout. Even if his opportunity for observation may have been somewhat impaired by the improper adjustment of the windshield wiper, as to which plaintiff may have assumed some risk, that impairment cannot be deemed to have materially interfered with his opportunity for observation, inasmuch as he admitted that he could very easily see the lights of Hort's approaching car. The jury's finding that Malmstadt was negligent in failing to keep his car in the proper lane is supported by testimony by Hort and his wife that as the cars approached Hort continued to stay in the north lane all of the time; that when they were but twenty-five feet apart, Malmstadt crossed over onto the north lane four to five feet; and that Hort immediately applied his brakes which caused the left and rear of his car to skid to the right and north, and the front thereof to face slightly toward the southwest. Furthermore Malmstadt testified,— in addition to testifying that as plaintiff shouted all of a sudden "Eddie, look out," and he saw Hort's car coming,— that he gave his car a sharp turn to his right; that he did not know definitely whether his car was on the north or south side of the road when he turned his steering wheel suddenly to the right immediately before the accident; and that at the time of the impact he did not know definitely whether any part of his car was on the left side of the road. In view of the facts thus testified to by Malmstadt, as well as Hort and his wife, the physical facts, that the damage to Hort's car was at its right front corner and to Malmstadt's car to the left front wheel and fender, do not compel the conclusion that the jury erred in finding that Malmstadt

negligently failed to keep his car in his proper lane. It was within the jury's province, under the evidence, to find that the nature of the damage to the cars was due to the circumstances that when Malmstadt's entry four to five feet onto the north half of the roadway in the pathway of Hort's approaching car caused the latter to apply his brakes to avoid a collision, the rear of his car skidded toward the northwest and its front end turned to face toward the southwest, and that when Malmstadt, upon suddenly seeing that Hort's car was but fifteen to twenty feet away, also turned his car toward the south, these movements of the cars resulted in the impact between the left front fender and wheel of Malmstadt's car and the right front corner of Hort's car.

The respondents also contend that the court erred in instructing the jury that the burden was on Malmstadt and his codefendant (the insurer) to prove the affirmative of questions in the verdict in relation to whether there was causal negligence on the part of Hort without also informing the jury that the burden to prove the affirmative thereof was likewise upon the plaintiff Tracy. The instruction was correct, in so far as Malmstadt and his insurer were seeking to recover contribution on their cross complaint charging Hort with causal negligence. But it is true, as respondents contend, that the court should have also instructed that the burden in question was likewise on the plaintiff, and if an additional instruction to that effect had been requested by respondents, it would have constituted error to refuse it. However, as the instruction in so far as it was given was not misleading or clearly prejudicial under the circumstances, we are not warranted in concluding that the omission in question was prejudicial, and necessitates a reversal. As the evidence in relation to Hort was evidently considered insufficient by the jury to establish that he was negligent, it does not seem probable that the mere additional instruction that the burden of proof to establish that he was negligent was also upon the

plaintiff, would have resulted in the jury's becoming convinced that he was negligent.

*By the Court.*—Order reversed, and cause remanded with directions to enter judgment for plaintiff's recovery from the defendants Edward Malmstadt and Employers Mutual Insurance Company of Wausau of her damages as assessed by the jury.