SCHMUTZLER and others, Respondents, vs. BRANDENBERG and others, Appellants.

*December 3, 1941—March 10, 1942.*

For the appellants there were briefs by *Clayton J. Crooks,* attorney for William Brandenberg and the Home Mutual Casualty Company, and *Bird, Smith, Okoneski & Puchner,* attorneys for Mary Besaw and the Hardware Mutual Casualty Company, and *Richard P. Tinkham, Jr.,* of counsel, all of Wausau, and oral argument by *Mr. Crooks* and *Mr. Charles F. Smith.*

For the respondents there were briefs by *Genrich & Genrich,* attorneys, and *Herbert L. Terwilliger, James A. Fitzpatrick,* and *William J. Hoffmann* of counsel, all of Wausau, and oral argument by *Mr. Terwilliger.*

The following opinion was filed January 13, 1942:

WICKHEM, J. The sole question here is whether upon the record the jury was bound to find some pecuniary loss to plaintiff. It will therefore be necessary to review the facts.

William Schmutzler was killed on November 2, 1940, in a collision between a car in which he was riding as a guest, driven by Mary Besaw, and one driven by William Brandenberg. At the time of his death Mr. Schmutzler was seventy-four years old and he had been a retired farmer since 1936. Some time before this decedent suffered a recurrence of prostate trouble and it was necessary in 1938 to perform an operation upon him. (He had been operated upon some twenty years before.) By his own efforts Schmutzler had acquired a farm of two hundred acres. The farm was valued

at $13,000 and the machinery and livestock at $3,000. Coincident with his retirement in 1936 deceased turned the farm over to his two sons under a written lease which expired in 1938. After the latter date the sons continued to work the farm as holdover tenants or under oral renewals of the lease. By the terms of the lease the sons paid the living costs of their parents and in addition $15 in cash per month each to deceased and plaintiff. Plaintiff actually did housework on the farm but this was wholly voluntary. From 1936 on, deceased had no duties whatever and engaged in activities on the farm only in accordance with his inclinations. He had no income other than the support agreement. He was in bad health at the time of the accident, had no control over his bodily functions, needed constant care. Decedent's health was getting progressively worse, and he himself was apprehensive of an early demise. Under these circumstances, we conclude that the jury were either entitled or required to infer from the evidence, (1) that decedent had no earnings or earning capacity at the time of his death; (2) that he had no prospects of regaining his earning capacity; (3) that there was no reasonable likelihood of his adding to his accumulations by future earnings; (4) that there was no reasonable probability of his outliving even the unexpired period of the lease upon which the support agreement depended. Under these circumstances it was error for the trial court to set aside the finding as to pecuniary damages.

Plaintiff had the burden of establishing the fact and amount of pecuniary loss. It was quite evident from the record that deceased did not have, and would never have, any earning capacity, and that his estate would never be increased by future earnings. His wife was presently taken care of by a support agreement contained in the lease. The period of the original lease had expired and the lessees were in the position of tenants from year to year after 1938. By the terms of this lease the

widow was entitled, until its termination, to her support and $15 a month which was all the support that she could be said to have had from her husband during the period of his life following 1936. She would be entitled to this, regardless of his death, until the termination of the lease. When the lease terminated is not clear from the record, but due to the decedent's age and ill-health, the jury could reasonably entertain doubt that decedent would have outlived the termination of the lease. Since plaintiff had the burden of proof such a doubt would justify the answer of the jury.

The trial court was of the view that plaintiff must have sustained some pecuniary loss because she lost whatever support she was presently getting from his accumulations. The trial court was also of the view that such matters as the widow's dower and homestead rights, which came to her upon the death of decedent, could not be used by the tort-feasor to offset pecuniary damages caused by the death. This is true but inapplicable here. This is a case where the jury was entitled to believe that the deceased had no earning capacity whatever, and where such advantages as she had from his accumulations were secured by a contract, the term of which the jury could legitimately conclude would not have been survived by the decedent. Under these circumstances there was no pecuniary loss to plaintiff from his death, and it was error to set aside the jury's answer.

It sufficiently appears that the sole reason for granting a new trial in the interest of justice was the supposedly unsupported answer of the jury as to pecuniary damages, and hence the order for a new trial in the interest of justice was based upon an erroneous view of the law by the trial court and should be set aside. *Crombie v. Powers,* 200 Wis. 299, 227 N. W. 278; *Tracy v. Malmstadt,* 236 Wis. 642, 296 N. W. 87; *Kramer v. Bins,* 205 Wis. 562, 238 N. W. 407; *Besser v. Hill,* 224 Wis. 211, 271 N. W. 921.

*By the Court.*—Order reversed, and cause remanded with directions to enter judgment upon the verdict of the jury.

A motion for a rehearing was denied, with $25 costs, on March 10, 1942.