BURT and wife, Respondents, vs. MEUNIER and another, Appellants.

*April 15—May 11, 1948.*

582

For the appellants there were briefs by *Hale, Skemp & Nietsch* of La Crosse, and oral argument by *T. H. Skemp* and *R. E. Nietsch.*

*C. E. Fugina* and *Lavern G. Kostner,* both of Arcadia, for the respondents.

WICKHEM, J.   It hardly needs to be said that the order appealed from is highly discretionary and that it must clearly

appear that there was an abuse of judicial discretion before it can be reversed. *Fontaine v. Fontaine,* 205 Wis. 570, 238 N. W. 410; *Jolitz v. Fintch,* 229 Wis. 256, 282 N. W. 87. Ordinarily such an order will be reversed only where the trial court discloses that its action was based upon an erroneous view of the law, *Crombie v. Powers,* 200 Wis. 299, 227 N. W. 278, or where a verdict should have been directed for the party who prevailed with the jury. *Lange v. Olson,* 185 Wis. 657, 202 N. W. 361; *Besser v. Hill,* 224 Wis. 211, 271 N. W. 921. In this case the trial court was of the view that the verdict amounted to a finding of unavoidable accident and that this was against the great weight and clear preponderance of the evidence.

The accident happened on December 21, 1946. Plaintiff with her two children was driving in a westerly direction on what is referred to in the record as the lower table road, which runs in a general easterly and westerly direction from Galesville to Centerville. On the day of the collision defendant was driving east on this road. A short distance to the west of the point of collision there is a sharp upgrade in the highway. At the top of this grade a railroad track runs from northeast to southwest cutting the highway at a diagonal. East of the railroad tracks there is a decided drop in grade and a curve to the north which is so sharp as to require that the road be banked on the south side. On the south side of the highway the shoulder is about two feet wide while that on the north side is about one and one-half feet to two feet wide. At the time of the accident the road was covered with snow and was slippery.

Until he came near the top of the grade defendant could not see cars to the east of him. He proceeded at a rate of about twenty-five miles an hour. Plaintiff who was driving west testified that defendant was three fourths of the width of his car over on the wrong side of the road. The wheel marks on the road are open to inferences supporting plaintiff's testi-

mony and defendant admitted that he might have been over the center line some six inches until the cars were within seventy-five feet of each other but asserted that thereafter he was wholly on his own side of the road. When the cars were from seventy-five to one hundred feet apart plaintiff, for the reason as she testified, that defendant was occupying a substantial portion of her side of the road and that the shoulders were inadequate for passing, put on her brakes and her car went into a skid. The car slid straight ahead and due to the curve invaded defendant's side of the highway.

Defendant contends that there is no evidence of his negligence in any respect. We shall not discuss this contention further than to say that there is evidence at least of invasion of plaintiff's side of the highway and taking into account the slippery conditions, the curve, and the dropping grade, a similar question as to negligent speed.

So far as plaintiff is concerned, there was a jury question whether she was negligent in respect of slamming on her brakes on the slippery highway. We do not discuss extensively the question of the negligence of the parties beyond the discovery of jury issues in respect of each of them because we think that this is enough to demonstrate that a finding of unavoidable accident is against the weight of the evidence. Either defendant was going too fast and invading plaintiff's side of the highway in which case, as the trial court held, she was confronted with an emergency not of her making, or defendant was driving at a proper rate of speed on his own side of the highway and plaintiff was negligent in appraising the situation and in so applying her brakes as to skid to his side of the road. Hence, while the jury could have found either or both guilty of negligence, it could not in accordance with the weight of the evidence have found no negligence at all. It follows that the trial court was not in error in ordering a new trial.

*By the Court.*—Order affirmed.