WERREN, Plaintiff and Respondent, vs. ALLIED AMERICAN MUTUAL FIRE INSURANCE COMPANY and others, Defendants and Appellants: HARTFORD ACCIDENT & INDEMNITY COMPANY and another, Interpleaded Defendants and Respondents.

*February 5—February 28, 1958.*

For the appellants there was a brief and oral argument by *Frank M. Coyne* of Madison.

For the respondents there was a brief by *John F. Jenswold, W. L. Jackman,* and *James C. Herrick,* all of Madison, and oral argument by *Mr. Jackman* and *Mr. Jenswold.*

MARTIN, C. J.   As the trial court observed in its decision on motions after verdict, the findings of the jury indicate its belief that the collision was unavoidable; and it was the court's considered judgment that such belief was against the great weight and clear preponderance of the evidence.

An order for a new trial in the interests of justice is highly discretionary and, in the absence of a clear showing of an

abuse of discretion, it will be affirmed. *Fontaine v. Fontaine* (1931), 205 Wis. 570, 238 N. W. 410; *Besser v. Hill* (1937), 224 Wis. 211, 271 N. W. 921; *Anderson v. Eggert* (1940), 234 Wis. 348, 291 N. W. 365; *Burt v. Meunier* (1948), 252 Wis. 581, 32 N. W. (2d) 241. Appellants maintain it was error for the trial court to order a new trial because the evidence was sufficient to sustain the finding of nonliability on the part of the defendant. In *Kemps v. Wendt* (1947), 251 Wis. 603, 606, 30 N. W. (2d) 89, this court stated:

"While there is enough evidence to make . . . a jury question this does not mean that a trial court may not thereafter weigh the evidence and come to the conclusion that the finding is against the weight of the evidence. The fact that there is some evidence to support the finding of the jury precludes changing the answers and ordering judgment in accordance with the answers as changed but it does give him a discretion to grant a new trial."

Here the court said:

"If defendant had been on his own side of the highway and had continued on his own side as he said he did, the collision could not have happened where the indisputable physical facts indicate it did. There is just no credible evidence in this record supporting a conclusion that the accident was unavoidable.

"On the other hand, if Carreno's statement to the traffic officer (which at the trial he did not recall making) to the effect that he skidded while trying to get back on the highway is to be believed, then the court clearly should have included a verdict question as to defendant's management and control.

"It was defendant's theory of the case at the trial that plaintiff invaded defendant's lane and, despite the rather formidable physical evidence to the contrary, that the collision occurred in the west (defendant's) lane of travel. The jury conceivably could have so found by finding plaintiff negligent 'with respect to position on the roadway.' This the jury failed to do, and further, in absolving defendant of

any negligence we think the verdict became manifestly inconsistent."

It may be noted that none of the cases relied upon by appellants involved an appeal from an order for a new trial *in the interests of justice.*

In discussing the question whether the jury could have found defendant negligent, the trial court stated that there was "ample evidence in the record on the basis of the undisputed physical facts to warrant a conclusion that the collision occurred because of defendant's improper invasion of the east (plaintiff's) lane of travel."

Not only did the testimony and the photographs clearly show that both cars came to rest after the impact well to the east of the center line, in the northbound lane, but a traffic officer testified that the debris from the accident was "intact" and located between the two cars in the east lane, and that when two cars collide head on the debris usually falls from the vehicles at the point of contact. Appellants maintain that the physical facts are far from conclusive as to where the accident happened, citing *Hennepin Transportation Co. v. Schirmers* (1957), 2 Wis. (2d) 165, 172, 85 N. W. (2d) 757. There this court stated that " 'Long experience has shown that in all except in a very few cases the position of the cars and their condition after a collision has very little, if any, probative value.' " It should be pointed out that the vehicles involved in that case were both large tractor-trailer units which, in colliding, scattered debris heavily over the area of the accident. Moreover, one of the vehicles came to rest in its own lane of travel while the rear of the other was on one side of the road, the front section on the opposite side.

The evidence in this case supports the trial court's view that either or both of the drivers were negligent with respect to position on the highway. As we stated of the head-on collision in *Robinson v. Krenn* (1940), 236 Wis. 21, 26, 294 N. W. 40:

"To render the collision possible, one or the other of the parties must have invaded the pathway of the other."

To warrant the conclusion that the accident was unavoidable there must be evidence of skidding without fault. There is no evidence of skidding except Carreno's statement to the traffic officer that the truck was "sliding" when he pulled from the shoulder back onto the road. This statement, as the trial court recognized in its decision, would present a jury question as to defendant's management and control—a question which the special verdict did not contain.

It is appellants' position that *Crombie v. Powers* (1930), 200 Wis. 299, 227 N. W. 278, is controlling, and that the trial court was too much influenced by *Burt v. Meunier, supra.* We cannot agree. In the *Crombie Case* the plaintiff was injured after alighting from the automobile of the defendant. The jury found neither party negligent and the trial court ordered a new trial on the ground that the findings were inconsistent. This court reversed the order and, in holding that there was no such inconsistency, pointed out the respects in which the evidence supported the findings and that the accident could have happened without negligence on the part of either party. The probabilities presented by the facts in this case are quite different. The *Meunier Case,* however, is very similar. There, as here, a collision occurred between two cars being driven in opposite directions on a slippery road. The jury returned a verdict finding neither party negligent. In affirming an order for a new trial in the interests of justice, this court pointed out that there was evidence, contrary to defendant's testimony, of invasion by him of plaintiff's side of the road and also, considering the conditions of the highway, a question as to his speed; that there was a question whether plaintiff's skidding was due to her operation and control—all demonstrating that a finding of unavoidable accident was against the weight of the evidence.

In *Stockhausen v. Oehler* (1926), 191 Wis. 403, 405, 211 N. W. 287, this court said:

"The fact that the trial judge granted a new trial 'on the ground that the interests of justice will thereby be promoted' 'does not preclude this court from examining the whole record and from reversing if such examination clearly leads to the conclusion that there was nothing upon which to base such expression. But it does inform this court of the fact that the trial judge is of the opinion that justice has not been done and that a new trial should be had. In such cases we do not reverse merely because, upon the record before us, we come to a different conclusion. It must clearly appear that there was an abuse of judicial discretion before we reverse.' *McCoy v. Terhorst*, 188 Wis. 512, 517, 205 N. W. 420.

"The record discloses a situation in which conflicting conclusions may be reached by different persons. The court is satisfied that there was no abuse of discretion in granting the new trial."

We see no abuse of discretion here in the trial court's order for a new trial in the interests of justice.

*By the Court.*—Order affirmed.