BALLAS (Helen) and another, Plaintiffs and Respondents, v. SUPERIOR MUTUAL INSURANCE COMPANY and another, Defendants and Appellants: BALLAS (John S.) and another, Interpleaded Defendants and Respondents.*

*February 10—March 7, 1961.*

* Motion for rehearing denied, without costs, on May 2, 1961.

For the appellants there were briefs by *Goldschmidt, deVries, Hollander & Vlasak,* attorneys, and *Stephen C. deVries* of counsel, all of Milwaukee, and oral argument by *Stephen C. deVries.*

For the respondents there was a brief by *Posner & Rubin* and *Francis X. Krembs,* all of Milwaukee, and oral argument by *Mr. Krembs.*

MARTIN, C. J.   The accident happened at about 6:45 p. m. on December 22, 1956, on West Vliet street between Twenty-Fourth place and Twenty-Fifth street in the city of Milwaukee.  Both automobiles were traveling east on Vliet street.

There are three versions as to how the accident occurred. John Ballas testified he was traveling east in the center lane at about 20 miles per hour; he first saw a panel truck (laundry truck) in the lane ahead of him when it was about six or eight car lengths away; there was some traffic but it was not very heavy; the only traffic in front of him was the truck, which he thought was moving slowly; he gradually applied his brakes and when he was about 10 feet behind the truck and almost stopped, he was struck from the rear by the Junker automobile; he did not deviate from his lane at any time prior to the impact.  He never saw the Junker car before the accident.

Robert Junker testified he was driving east in the lane next to the center line of Vliet street at about 20 miles per hour; there was a car going east about one-quarter block ahead of him; there were moving cars to his right as well as a row of parked cars and there was traffic coming west, heavy traffic.  He first saw the Ballas car when he was about two car lengths behind it and it was in the lane to Junker's right; he had seen the laundry truck (panel truck) from a block away.  When the cars were about 14 feet apart the Ballas car turned into his lane and stopped.  Junker applied his brakes but did not turn right or left; at the impact the Junker car was facing east and the Ballas car northeast.

Ralph Mitchell, a Christmas-tree dealer, testified he was standing in front of the tree lot at the curb on the south side of Vliet street, facing north, and the accident happened directly in front of him.  According to his version, the laundry truck (panel truck) was double-parked; the Ballas car was parked at the curb about 20 feet behind the truck; someone got out of the car and the driver then pulled away from the

curb at a northeasterly angle to get around the truck. It was hit by the Junker car as it started to pass the truck; Ballas was stopped or almost stopped; Junker was moving at about 20 miles per hour.

. The damage to the automobiles was at the left rear side, the rear bumper and fender of the Ballas car and the right front of the Junker car.

The jury found that just prior to the collision Ballas was not pulling away from the curb but traveling east on Vliet street. It found that he deviated from his lane of travel and that such deviation constituted causal negligence. It found Junker negligent as to lookout and management and control but found that neither was causal. The trial court held:

"It is the court's decision that the negligence of the defendant Junker as to lookout was causal, that the jury should have so found, and compared the negligence of Junker with that of Ballas. It is the decision of the court that the judgment be reversed, that the verdict is contrary to law and to the evidence, and the case will be set for a new trial."

It is respondents' position that this appeal is governed by the principle that the determination of the trial court will not be disturbed unless it clearly appears that there was an abuse of discretion. We cannot agree. As stated in *Crombie v. Powers* (1930), 200 Wis. 299, 301, 227 N. W. 278:

"Ordinarily the granting of a motion for a new trial lies largely within the discretion of the trial court, which will not be disturbed unless abused. The rule, however, does not apply where it is clear that the trial court proceeded upon an erroneous view of the law."

The trial court stated that Junker could and should have calculated that it would be necessary for Ballas either to stop or to deviate as he came up behind the truck. A driver on a laned highway, of course, may proceed on the assumption that other drivers will stay in their lanes until it is reasonably foreseeable that his path will be invaded. *Topham v. Casey*

(1952), 262 Wis. 580, 55 N. W. (2d) 892; *Grover v. Sherman* (1934), 214 Wis. 152, 252 N. W. 680; *Dickman v. Schaeffer* (1960), 10 Wis. (2d) 610, 103 N. W. (2d) 922.

It is true that Junker knew Ballas had either to stop or deviate, unless the truck moved on, but in the absence of any indication that Ballas intended to deviate he had the right to assume he would not cut in front of him. Ballas gave no signal that he intended to turn into Junker's lane. While foreseeability is an element of negligence it does not enter into the test of proximate cause. See *Pfeifer v. Standard Gateway Theater* (1952), 262 Wis. 229, 55 N. W. (2d) 29.

Respondents argue that the finding of Junker's negligence as to lookout must have been based on one of two conclusions that the jury could make, either that he failed to see the Ballas car until it was too late to avoid striking it, or that he failed to properly evaluate the potential danger in the positions of the respective cars. On the first point, they argue that while Junker saw the truck from a block away he did not see the Ballas car until he was only about 28 feet behind it. Even if the jury found Junker's lookout was inefficient because he could have seen the Ballas car sooner that he did, it could also infer that had he seen it sooner there was nothing he could have done to avoid the accident because Ballas did not deviate until after Junker saw him. When first seen by Junker the Ballas car was in its own lane to Junker's right, giving no indication of turning into Junker's lane. Junker did not apply his brakes until Ballas turned in ahead of him. An earlier awareness of the Ballas automobile would have revealed nothing more than Junker saw when he did notice it. On the second point, failure to evaluate the potential danger, the jury could reasonably infer that there was no potential danger to anticipate until Ballas did the unexpected, that is, cut in front of Junker.

Since there was credible evidence from which the jury could draw a reasonable inference that Junker's negligence

was not causal, there was no basis for the trial court to hold that finding contrary to the law and the evidence.

*By the Court.*—Order reversed, and cause remanded with instructions to reinstate the jury verdict and enter judgment thereon.