STATE of Wisconsin EX REL. Ira Lee ANDERSON-EL II,
Petitioner-Respondent,

v.

Oscar SHADE, Respondent-Appellant.

Court of Appeals

*No. 92–2968. Submitted on briefs July 9, 1993.—Decided
December 23, 1993.*

(Also reported in 510 N.W.2d 805.)

For the respondent-appellant the cause was submitted on the brief of *James E. Doyle*, attorney general, with *E. Gordon Young*, assistant attorney general.

No brief filed for petitioner-respondent.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.    Ira Lee Anderson-EL II (Anderson) is an ex-inmate at Racine Correctional Institution (RCI). In February 1992, while an inmate at RCI, Anderson received a conduct report for disobeying an order to submit to a personal search. An adjustment committee found him guilty, he sought review in circuit court, and the court reversed the adjustment committee's decision on grounds that there was no evidence in the record from which the committee could conclude

that the rules of the Department of Corrections authorized the search. Oscar Shade, warden of RCI, appeals. He asserts that we should presume that the staff member who gave the order was authorized to do so and that inmates must obey orders, whether or not the orders are authorized. We reject those arguments and affirm.

According to the conduct report, the staff member said to Anderson, "I'm doing some random pat searches[,] could I have your full name." Anderson replied, "My name is Ira [ ] Anderson but you can't pat me down." The officer gave Anderson a direct order to permit the search, and Anderson refused. Anderson's defense at the disciplinary hearing was that no provision in Wis. Adm. Code sec. DOC 306.16(2) authorized the search. The adjustment committee found him guilty because he admitted he disobeyed the order. He sought review by the circuit court, and that court reversed the adjustment committee's finding of guilt.[1]

Wisconsin Adm. Code sec. DOC 303.24 provides:

> (1) Any inmate who disobeys any of the following is guilty of an offense:
> (a) A verbal or written order from any staff member, directed to the inmate or to a group of which the inmate is or was a member;
> (b) A bulletin which applies to the inmate and which was posted or distributed in compliance with s. DOC 303.08; or
> (c) Any other order which applies to the inmate and of which he or she has actual knowledge.
> (2) An inmate is guilty of an offense if he or she intentionally commits an act which violates an

---

[1] Anderson was also found guilty of a rule prohibiting disruptive conduct but he did not seek review of that decision.

order, whenever the inmate knew or should have known that the order existed.

Wisconsin Adm. Code sec. DOC 306.16(2) provides:

> A personal search of an inmate may be conducted by any correctional staff member:
> (a) If the staff member has reasonable grounds to believe that the inmate possesses contraband;
> (b) At the direction of the shift supervisor; or
> (c) In the circumstances defined under sub. (3) (a) to (d).
> (3) A strip search may be conducted:
> (a) Before an inmate leaves or enters the security enclosure of a maximum or medium security institution or the grounds of a minimum security institution;
> (b) Before an inmate enters or leaves the segregation unit or changes statuses within the segregation unit of a correctional institution;
> (c) Before and after a visit to an inmate;
> (d) As part of a periodic search and lockdown of an institution under s. DOC 306.14 . . . .

No evidence was offered at Anderson's disciplinary hearing that the search was authorized under Wis. Adm. Code sec. DOC 306.16(2)(a) or (c) or that it was authorized under subsec. (2)(b) because the shift supervisor had directed it.

The intent of Wis. Adm. Code sec. DOC 303.24 is that inmates must obey lawful orders. Any doubt regarding the meaning of sec. DOC 303.24 is resolved by the appendix to Wis. Adm. Code sec. DOC 303. We may refer to the appendix to clarify the rule's meaning. *See State ex rel. Staples v. DHSS*, 136 Wis. 2d 487, 495, 402 N.W.2d 369, 374 (Ct. App. 1987). The appendix

351

shows that sec. DOC 303.24 applies to an inmate who disobeys a lawful order:

> There is no counterpart to this section in the criminal law, though people in the military are disciplined for failing to obey orders . . . .
>
> An analogy to military law is appropriate. Articles 90, 91 and 92 of the Uniform Code of Military Justice (UCMJ) cover disobeying a commissioned officer, non-commissioned officer *or other lawful order*, respectively.[2] [Emphasis added.]

Section DOC 303 app. note 303.24.

The principle is familiar to Wisconsin law. The duty of citizens to obey police orders is limited to lawful orders. *Day v. Pauly*, 186 Wis. 189, 193-94, 202 N.W. 363, 365 (1925). The *Day* court held that a driver was contributorily negligent as a matter of law when he obeyed the unlawful direction of a traffic officer. The court concluded that the police "have no right or authority to divert or direct public travel in a manner contrary to that prescribed by the act of the legisla-

---

[2] Article 90 of The Uniform Code of Military Justice provides in relevant part, "Any person subject to this code who — . . . (2) willfully disobeys a lawful command of his superior officer; shall be punished," as specified in that article. Article 91 provides in relevant part, "Any warrant officer or enlisted person who — . . . (2) willfully disobeys the lawful order of a warrant officer, noncommissioned officer, or petty officer . . . shall be punished as a court-martial may direct." Article 92 provides in relevant part, "Any person subject to this code who — (1) violates or fails to obey any lawful general order or regulation; or (2) having knowledge of any other lawful order issued by a member of the armed forces, which it is his duty to obey, fails to obey the same . . . shall be punished as a court-marital may direct." F. Wiener, THE UNIFORM CODE OF MILITARY JUSTICE, Articles 90-92, at 201-03 (1950).

ture." *Id*. Section 346.04(1), Stats., provides that "no person shall fail or refuse to comply with any *lawful* order, signal or direction of a traffic officer." (Emphasis added.)

Shade argues that we should presume the staff member had obtained the necessary authority to conduct the search under Wis. Adm. Code sec. DOC 306.16(2)(b). He relies on the rule that orders of administrative agencies are presumed to comply with the law. *Whitman v. Department of Taxation*, 240 Wis. 564, 577-78, 4 N.W.2d 180, 186 (1942). We reject his argument. As the *Whitman* court concluded, "The rule applies to 'orders of administrative officers and tribunals performing functions of a *quasi*-judicial character.' " *Id*. at 578, 4 N.W.2d at 186 (citation omitted). The staff member exercised an executive function when he ordered Anderson to submit to a search.

An administrative agency must follow its own rules. *Vitarelli v. Seaton*, 359 U.S. 535, 539-40 (1959). We have held that the department "should be held to follow" its own rules regarding prison inmates. *State ex rel. Riley v. DHSS*, 151 Wis. 2d 618, 627, 445 N.W.2d 693, 696 (Ct. App. 1989). The department can act only through its employees. Its employees, including prison staff members, must follow its rules, and we will not exempt them from that duty.

*By the Court*.—Order affirmed.